In the Matter of Proving the Last Will and Testament of VIRGINIA S. KAUFMAN, formerly VIRGINIA S. DILLON, Deceased.

The provision of the Revised Statutes (2 R. S. 64, § 44), that "a will exe-cuted by an unmarried woman shall be deemed revoked by her subse-quent marriage," is not restricted in its application to women who have never been married, but applies to a woman who at the time of executing the will is not in a state of marriage; and so, includes a widow.
Reported below, 61 Hun, 331.

(Argued February 8, 1892; decided March 1, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 20, 1891, which affirmed a decree of the surro-gate of the county of New York refusing probate to the will of Virginia S. Kaufman, formerly Virginia S. Dillon, deceased.

The following is the opinion in full:

"This will was made by the deceased while she was the widow of one Dillon. She subsequently intermarried with Kaufman and died, leaving him surviving. The executor appointed in this will offered the instrument for probate, but was opposed in his proceedings by Kaufman, who claimed that the will had been revoked by testatrix's marriage with him, and who has been sustained in that claim by the surrogate and the General Term. In their decisions those courts were clearly right, and we should say nothing here, in disposing of this appeal, were it not for the statement that there is no authoritative decision by this court upon the particular ques-tion. We should suppose that the case of *Brown* v. *Clark* (77 N. Y. 369) was a sufficient authority in point, although the testatrix in that case was a woman who had never been married at all. For any discussion as to the operation of the acts passed by the legislature of this state, in relation to married women, and their effect in conferring upon them testamentary capacity, reference may be had to that case.

"The appellant attempts an argument upon the meaning to be given to the words "unmarried woman " in the statute, and seeks to give substance to it by reference to some cases arising upon the construction of wills, and where the discussion bore

upon the presumed intention of the testator in his gifts or limitations of property.   But such cases can have no influence upon the question of what is accomplished by the Revised Statutes in the provision that 'a will executed by an unmarried woman shall be deemed revoked by her subsequent marriage.' (Chap. 6 of title I of art. III, part II ; 2 R. S. 64, § 44.)

"It was a recognition of the common-law rule, which, in the operation of the statute upon the civil status of the married woman, is uneffected by the enlargement of her legal capacities.   At common law the *femme sole*, in marrying, merged her legal identity in that of her husband.   In the unity of person, caused by the marriage relation, the wife lost the control of her property, and hence of her will.   Under our statutes that identity of person is only affected, and separate legal capacity is only conferred upon the wife to the precise extent mentioned in the enabling acts.   As we have repeatedly held, the common law has been no further abrogated than is read in the statute.   Nothing has been enacted which alters the provision that her will is revoked by a subsequent marriage. There is sufficient reason for the continuance of the rule in the changed relations of the woman.   Her new status as wife induces the presumption of a new testamentary intention, and demands a new testamentary act.   The unmarried woman, referred to by the statute, must be defined according to that rule of statutory construction which requires that the words used in legal enactments shall be understood and taken in their ordinary and familiar significance.   So read, the unmarried woman of the statute is the woman who is not in a state of marriage.   That the legislature could have had any other idea, is both inconceivable and unreasonable.

"The judgment should be affirmed, with costs to the respondent as against the appellant."

*Henry J. Meinhard* for appellant.

*Morris S. Wise* for respondent.

Gray, J., reads for affirmance.
All concur.
Judgment affirmed.