Estate of Bernard Conway, deceased. Appeal of Mary Campbell, Bridget Campbell, Sally Campbell, Alice Campbell, Ellen Campbell, The Chestnut Street Trust and Saving Fund Company, guardian of Kate Conway and Mary Bradley.

*Will—Construction of—Use of word " or "—Spinster or unmarried nieces.*

Testator gave his residuary estate to his " spinster or unmarried nieces, " six of whom had never been married, two of whom had been married and were widows, and all of whom were actually unmarried at the time of his death. *Held*, that the word " or " was used conjunctively, and both nieces and widows were entitled to share in the residuary estate.

Argued Jan. 11, 1897. Appeal, No. 433, Jan. T., 1896, by Mary Campbell et al., from decree of O. C. Phila. Co., Jan. T., 1896, No. 273, dismissing exceptions to adjudication. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to adjudication.

The testator by a codicil to his will directed as follows :

" In reference to the rest, residue and remainder mentioned in foregoing will to be given to my three nephews, Bernard, Daniel and John Conway, I hereby revoke and make void, and said residue, after all the specific legacies mentioned, aforesaid, in my will are carried out and paid, I give, devise and bequeath unto all my spinster or unmarried nieces and to my grandniece Kate, daughter of my nephew, John Conway, share and share alike, and to their heirs, executors, administrators and assigns forever."

The auditing judge found as follows :

The residue of the estate as already mentioned is given to the " spinster or unmarried nieces " of the testator and his grandniece, Kate Conway. At the time of his death there were living spinster nieces, Mary Campbell, Bridget, Sally, Alice, Ellen Campbell, Mary Campbell, Mary Bradley. There were also two nieces, Mary Ann McCourt and Sally O'Donnell, whose husbands had died in the lifetime of the testator, and one of them before the date of the codicil containing the residuary gift, who

were, therefore, "unmarried nieces;" whether these "unmarried nieces" are to participate in the distribution with the "spinster" nieces was a question presented for the consideration of the auditing judge. The question seems to be answered by the will itself, which includes both classes of nieces.

The residuary estate was awarded to all of testator's nieces both spinsters and widows.

Exceptions to the adjudication were dismissed by a divided court. PENROSE, J. and ASHMAN, J. supporting the adjudication and HANNA, P. J. and FERGUSON, J., being of a contrary opinion.

*Error assigned* was in awarding a distributive share to the two widowed nieces of testator.

*Edmund Randall*, with him *James A. Flaherty*, *Keator*, *Freeman & Jenkins*, for appellants.—The language of the testator must be construed in accordance with his position and surroundings in life: Schouler on Wills, sec. 492; 3 Jarman on Wills, 707, 708.

The word "or" as used in a will was taken to be but an expanded description of the person to take and not substitutional: Eccard v. Brooke, 2 Cox, 213.

The Century Dictionary defines the word "unmarried" as "not married; single." Commonly the word implies that the person to whom it is applied has never been married.

Words in general, whether technical or popular, are to be taken in their plain and usual sense, unless a clear intention to use them in another sense can be collected from the will: Schouler on Wills, sec. 472; 1 Redfield on Wills, 439.

The primary meaning of "unmarried" in a direct gift is never having been married: Theobald on Wills, 231; 2 Jarman on Wills (5th Am. ed.), 99; Hall v. Robertson, 22 Law J. Ch. 1054; 4 DeG. M. & G. 781; Dalrymple v. Hall, L. R. 16 Ch. Div. 715; Mertens v. Walley, L. R. 26 Ch. Div. 575; 54 Law J. Reps. Chan. D. 159; Blundell v. De Falbe, 57 Law J. Rep. Chan. 576; Salisbury v. Ridley, Weekly Notes (Eng.), 1890, 105; Clarke v. Colls, 9 H. L. Cases, 601.

*Samuel J. Taylor*, for Sally O'Donnell, appellee, cited as to the meaning of the word "or," Stormonth's English Dictionary;

Imperial Dictionary; Walker's Dictionary; Richardson's Dictionary; Sheriden's Dictionary; Ben Johnson's Dictionary; Webster's Dictionary; Worcester's Dictionary; Century Dictionary; Burrill's Law Dictionary; Am. & Eng. Ency. of Law. As to the meaning of the word "unmarried:" Hall v. Robertson, 4 DeG. M. & G. 781; 2 Jarman on Wills (5th Am. ed.), 99; Coventry v. Earl of Lauderdale, 10 Jurist, 793; Day v. Barnard, 30. Law Jour. Rep. N. S. Eq. 220; In re Sanders' Trusts, Law Rep. 1 Equity, 675; In re Lesingham's Trusts, L. R. 24 Chan. Div. 703; Theobald on Wills (4th ed.), 231; Schouler on Wills (2d ed.), secs. 473, 469; Act of June 8, 1893, P. L. 344; Act of March 31, 1860, P. L. 382; Act of June 13, 1836, P. L. 539; Overseers v. Overseers, 176 Pa. 116; Com. v. Powell, 51 Pa. 438.

*Frank M. Cody*, for Mary Ann McCourt, appellee, cited Theobald on Wills, 570; 27 Am. & Eng. Ency. of Law, 697; Blagrove v. Coore, 27 Beavan, 138; Smith's App., 23 Pa. 9; France's Est., 75 Pa. 220; Grim's App., 89 Pa. 333; Clarke's Est., 82 Pa. 528; Flintham v. Bradford, 10 Pa. 82; 1 Redfield on Wills, 380; 1 Jarman on Wills, 600; 2 Jarman on Wills, 6, 7; 2 Redfield on Wills, 9, 10.

OPINION BY MR. JUSTICE WILLIAMS, May 3, 1897:

This appeal presents a new question which is by no means free from difficulty. The testator, Bernard Conway, after other devise and bequests, gave his residuary estate to his "spinster or unmarried nieces." Six of his nieces had never been married and were, therefore, properly described as "spinsters." Two of them had been married and were widows. All of them were actually unmarried at the time of his death. The question now raised is whether one or both of these classes is entitled to take the residuary estate. The answer to this question must depend upon the proper construction of this clause in the will. In what sense did the testator use the word "or" in the expression "spinster or unmarried nieces?" As a general rule, the context may be successfully resorted to in a search after the meaning of a given word; but we can get no aid from the context in this case. The word "or" is ordinarily disjunctive in its office, but not always so. In the expression "You may ride or walk," an

alternative is presented to the person addressed and he is assured that he may choose whether he will ride or walk. If a shopkeeper should inform a customer that the price of an article he was examining was "half an eagle, or five dollars," he would connect expressions he understood to be equivalent by "or" and the latter of these expressions would be used as explanatory of the sense in which he had used the former. If the same shopkeeper should offer a number of articles as constituting a lot or group of articles to be sold together whether good or bad, the word "or" would in this case have a conjunctive force and be equivalent to "and," the meaning being that all the articles in the class, the good and the bad, were offered in a lump. In the clause of the will before us, it seems quite clear that "or" is not used disjunctively. The testator did not mean to present an alternative to his executor and authorize him to pay to either class of nieces at his own election. The word "or" must have been used either in connecting the word "spinster" with a word he supposed to be its equivalent by way of explanation, or conjunctively, in the sense of "and." If we assume that he used it in the former of these senses, then he was mistaken in the use of the word he selected to furnish an explanation of the word "spinster" and has failed in his effort to make his own purpose clear. If on the other hand, we assume that he used the word conjunctively, then all his nieces become participants on his bounty in equal shares. The spinsters and the widows stood in the same relation to the testator; their actual condition was that of single or unmarried women; and no reason for discriminating between them appears in the will or in the circumstances presented by the case. This construction relieves the testator from the charge of mistake in his efforts to express his intention, from an arbitrary discrimination between those standing in the same degree of relationship to him, and works equality in the distribution of his estate. The court below adopted the construction of the clause under consideration, giving to "or" the power of "and" and including the spinsters and the widows among the residuary legatees. The considerations suggested as supporting the decree do not seem to us quite as satisfactory as we might wish, but they are persuasive, and attended with less difficulty than the position of the appellants.

The assignments of error are therefore overruled and the decree is affirmed.