(67 App. Div. 493.)

In re OAKLEY.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

WILLS—CONSTRUCTION—UNMARRIED DAUGHTER.

> Testator provided that his home should be maintained for a reasonable time for the use of such of his daughters as remained unmarried and such as became and remained widows, and the entire net income of the balance of his estate, so long as any of his daughters remained unmarried, not exceeding 25 years, should be paid quarterly to such of his daughters as were then unmarried or widowed, and if at any time there should be but one unmarried daughter she should receive the whole income. One daughter was a widow at the time of his death, and so continued until the settlement of the executor's account, the other living daughter being married. *Held*, that the term "unmarried," as used by testator, included a widowed daughter, and that such widowed daughter was entitled to the entire income.

> Van Brunt, P. J., dissenting.

Appeal from surrogate's court, New York county.

In the matter of the estate of William H. Oakley, deceased. From an order settling the account of Charles S. Oakley, executor, and directing payment of the net income to Louise S. Berlin, William H. Oakley, Charles S. Oakley, Clara Mayerkort, and Oakley K. Brown appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

C. N. Bovee, Jr., for appellant William H. Oakley.
Thomas E. Donnelly, for appellant Oakley Kissam Brown.
John B. Talmage, for respondent Charles S. Oakley.
William C. Prime, for respondent Louise S. Berlin.

O'BRIEN, J. Upon the accounting of the executor of William H. Oakley, who died in New York City, January 24, 1893, leaving a last will and testament, the question arose whether under such will his daughter Louise S. Berlin, who was a widow and living with the testator at the time of his death, was entitled to receive the entire income of the estate, or whether it should be divided between her and her brothers and sister William H. Oakley, Charles S. Oakley, and Clara Mayerkort, and the son of her deceased sister Kate Oakley Brown, Oakley K. Brown. Although Louise S. Berlin was married when the will was made, her husband had died during the life of the testator, and she had not remarried. Clara Mayerkort was

married in the lifetime of the testator, and her husband was still living. Kate O. Brown had married and died during the testator's life, her only child being Oakley K. Brown, who is now living with his father. The testator in his will, after making minor bequests to his several children, forgiving them of any sums advanced to them, and stating that his life insurance was to be divided equally among them, which he considered would "supply them with sufficient funds for present purposes," provided that "inasmuch as it is my desire that my country place * * * be for a reasonable time maintained in its present condition for the purpose of affording a home for such of my daughters as remain unmarried, and such, if any, as become and remain widows, and the minor children, if any, of such widowed daughters," the rest of his property was given in trust to his executors, "for and during the lives, respectively, of my two daughters Louise and Clara, and the survivor of them, not exceeding, however, the term of twenty-five years," to invest all his personal estate except the country home, to pay taxes thereupon and insurance, and in case of fire to rebuild the same with the insured moneys; "and the balance of the income of my entire estate, so long as any of my daughters shall remain unmarried, my said trustees shall pay in quarterly yearly installments to such of my daughters who having been married are then in a state of widowhood, share and share alike; that is to say, the whole balance of such income shall be equally divided between my daughters then unmarried or widowed, for their support and maintenance; provided, however, that if such widowed daughter or daughters shall die while in a state of widowhood, leaving issue, such issue shall have the share of such income which the widowed mother of such issue would have received if living for its support or their support and maintenance. * * * If at any time there shall be but one daughter, and she unmarried, entitled to receive income under the foregoing provisions, she shall receive the whole of such income, until by reason of widowhood any of her sisters, or by death of such widowed sister any of such widowed sister's children, become entitled to share therein with her." The next paragraph, which is the fourth, provides: "If all my daughters living shall have married before the term limited for the termination of the trusts herein provided, thenceforth, namely, from the time of the marriage of my last living unmarried daughter, I direct the net income of my entire income-bearing estate to be divided among and paid quarterly to all my children then living, share and share alike. If any shall have died, or shall die thereafter and during the continuance of said trusts, leaving issue, such issue shall receive the share of said income which the parent, if living, would have taken." The following or fifth clause of the will provides: "It is my desire that, so long as any of my daughters remain unmarried, they jointly, or, if but one, she, continue to occupy and make a home at my said country place; * * * provided, however, that if any of my daughters, who had or shall hereafter have married, shall become a widow, she and her children shall be entitled to share jointly with the other occupant or occupants in the use and occupation of said premises." Further, it is provided that, if during the term limited for the trust

the said house should be without an occupant, the executors may rent it for yearly leases, and, finally, when the period is ended, the residue of the estate should be divided between the five children, share and share alike. Louise S. Berlin, who at the death of the testator was a widow, claims that she is entitled to the whole of the income, under the clause that "if * * * there shall be but one daughter, and she unmarried, entitled to receive income, * * * she shall receive the whole of such income until, by reason of widow-hood" of any of her sisters, they share with her. In opposition to this claim, it is contended that Louise S. Berlin was not "unmarried," but, on the contrary, had been married, and was a widow, and there-fore the income of the estate should be divided equally among the five children, under the fourth clause. The surrogate found in favor of Louise S. Berlin, and from the decree awarding her the entire income the other children of the testator appeal.

The appellants contend that the ordinary meaning of the word "unmarried," i. e. never having been married, should be given; and our attention has been called to the case of Dalrymple v. Hall, 16 Ch. Div. 717, wherein it was held, as stated in the headnote, that, "in the absence of context showing a contrary intention, the word 'unmarried' must be construed according to its ordinary or primary meaning, as 'never having been married,' and therefore the gift to the children of B. did not take effect, he being a widower." That case, however, is equally an authority for holding that where the con-text does show a different intention the word "unmarried" should not be defined as "never having been married."

In the present will the language expresses the clear intent of the testator that there should, at all times during the trust period, if desired by them, be had and kept a suitable home wherein his un-married and widowed daughters might live. And to this scheme or plan for these daughters everything was made subservient. To this end he directed his executors to keep for them the country place intact, so that they would have a home, and to this home any daugh-ter who became a widow during the trust term was to be admitted. And, besides providing for a home for such daughters, his purpose was to provide them with an income during that period in order that they might live in the home, and be provided for in other ways, so as to give to them the same comforts and care that the married daughters received from their husbands, and to the benefit of this fund any daughter who became a widow during the trust period was to be admitted, just as she was to be admitted to the home itself. To effectuate this intent, it was as necessary that the provisions in the will should apply as well in case there was a widow as where there was a daughter who had never been married, and when in one instance the testator used the word "unmarried," and did not accom-pany it by the words "or widowed daughter," it is clear that by "unmarried" he meant a daughter who was not then married. In fact the testator had previously provided that the "whole balance" of the income of his entire estate the executors should pay to unmar-ried daughters and those in a state of widowhood, and the further clause was added apparently for the purpose of limiting the time

when such unmarried daughter or widow should receive the entire income, i. e. until such time as there should be another who had become a widow, and who thereupon was to share in the income. In other words, the intention of the testator was to create a trust by which any daughter who was unmarried, or was a widow or should become a widow, should be provided for by receiving the trust income, and this was co-ordinate to his intention of providing a home for such daughters. If the appellants should be successful on this appeal, and the trust income should be divided under the fourth clause, share and share alike, then this purpose and intention would be frustrated. Thus, for instance, if Clara Mayerkort should become a widow, she would not be able to receive from the income of the trust estate the proportion that the testator intended. Only in the case that all the daughters were married and their husbands were living was it intended by the testator that the income of the trust estate should be divided, as stated in the fourth clause, share and share alike. This clause is thus brought in harmony with the rest of the will, and the full purpose and intent of the testator carried out.

We think, therefore, that the daughter Louise S. Berlin should receive the entire income of the trust estate until she becomes married, until there be another widow to share with her, or until the termination of the term of the trust.

The judgment accordingly should be affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J. I dissent. I think that there is a clear distinction between the unmarried and widowed daughters of the testator evidenced throughout the will.