## MABEL ANDERSON ET AL. V. BEN McGEE ET AL.

### Decided May 25, 1910.

**1.—Homestead—Insolvent Estate.**

On the death of the owner, the estate being insolvent and a constituent member of the family surviving, the homestead descends to the heirs free from the claims of creditors.

**2.—Same—Constituent of Family—Grandchildren—Divorced Daughter.**

Under article 2046, Revised Statutes, providing that the homestead of decedent shall be set aside for the "benefit of the widow and minor children and unmarried daughters," grandchildren are not entitled to the benefit of the homestead, but a daughter once married, but divorced and living with the family, is an "unmarried daughter" within the meaning of the statute.

**3.—Same—Debts—Partition—Lien.**

The husband and wife having died, leaving an insolvent estate on which no administration was had, and a homestead occupied by a divorced daughter, the homestead descended to the heirs free from the claims of creditors. On its partition between the heirs, one of them who had paid or purchased debts against the decedent acquired no right to have them enforced as a lien in his favor against the homestead.

**4.—Same—Taxes.**

One of the heirs who had paid the taxes assessed against the interest of all in the homestead, on its sale for partition between them was entitled to payment, out of the proceeds before their division, of the portion of the tax so paid which was chargeable against the interest of the other heirs in the property.

**5.—Cases Distinguished.**

Roco v. Green, 50 Texas, 483; Trammel v. Neal, 1 Posey, U. C., 53; Roots v. Robertson, 93 Texas, 365; Wilkins v. Briggs, 48 Texas Civ. App., 596, distinguished from this case.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*James E. Yeager,* for appellants.—The homestead right descended and vested in the daughter and grandaughters who continued to occupy said property as a homestead and as constituents of said family, free from lien of creditors. Rev. Stats., arts. 2396, 2046; Clark v. Goins, 23 S. W., 703; Roco v. Green, 50 Texas, 483; Wilkins v. Briggs, 48 Texas Civ. App., 596; Zwernemann v. Rosenburg, 76 Texas, 522; Cameron v. Morris, 83 Texas, 14; Lacy v. Lockett, 82 Texas, 191.

When the estate is insolvent an unmarried daughter owning no other homestead and remaining with the family of a deceased mother, is such a constituent of the family as takes the homestead free of the claims of creditors of the estate. Kruger v. Wolf, 12 Texas Civ. App., 167; Childres v. Henderson, 76 Texas, 664,

*Prendergast & Williamson,* for appellee.—The land partitioned was not the homestead of Lucy A. Evans' grandchildren and her four times widowed daughter. Roco v. Green, 50 Texas, 483; Trammell v. Neal, 1 Posey, U. C. 53; Roots v. Robertson, 93 Texas, 365; Wilkins v. Briggs, 48 Texas Civ. App., 596.

RICE, ASSOCIATE JUSTICE.—Appellants, as part of the heirs of Hugh and Lucy A. Evans, deceased, brought this suit for the partition of 15 80/100 acres of land, constituting their rural homestead, situated near Waco, in McLennan County, against Ben McGee and his two minor children, Edwin and Margaret McGee, who were the grandchildren and remaining heirs of said decedents, making the usual averments therefor, and alleging that there were no debts against said estate and no necessity for an administration thereof.

Defendant Ben McGee answered that Lucy A. Evans died intestate June 20, 1905, and that at the time of her death she was due Dr. King, on open account, the sum of $18.50, as a medical bill for personal services, and that she was likewise due said King, upon a note executed by her on March 28, 1905, the sum of $398, as well as interest and attorney's fees thereon, both of which claims were, by the widow of said King, duly transferred to him for value; and that he had likewise paid $11.98 taxes on said property, and for all of which he asserted that he was entitled to a lien or a quasi-lien upon said property, praying for a foreclosure thereof.

A guardian ad litem being appointed for said minors, they answered, pleading a general demurrer and general denial against the petition of plaintiffs, as well as the answer of the defendant, Ben McGee.

Plaintiffs filed a supplemental petition, containing general and special exceptions to defendant's answer and general denial and also specially denied the existence of any lien upon said property, plead limitation as against the account and note, and that the debt for which said note was executed was barred prior to the execution thereof, and admitting that Lucy A. Evans died, intestate, June 20, 1905, but alleging that her estate was insolvent at the time of her death, and that there was no administration upon her estate and none was necessary; that said land was the country homestead of said Hugh Evans and his wife, Lucy A. Evans, and Lizzie and Susie Murdock, their grandchildren, and that the same was occupied by them as a homestead at the death of Hugh Evans in 1895; that they owned no other property, and that the estate was insolvent at his death; that Lucy Evans and said two grandchildren, after his death, continued to occupy said land as a homestead until the death of Lucy A. Evans in 1905; that the said grandchildren were adopted by Lucy A. Evans and they depended on her for support; that Josephine Smith was a married daughter of Hugh Evans and Lucy A. Evans prior to 1901, but during said year she was divorced from her husband, and, owning no property of her own, returned to her mother's, where she lived as one of the family with her mother and grand-daughters, assisting in all the household work, until the death of Lucy A. Evans in 1905, after which time she and said two grand-daughters continued to occupy said homestead for several months, until they were compelled to

temporarily move to town to secure the services of a physician, since which time they have been collecting the rents from said place; that said Mrs. Smith has never married since her divorce in 1901, and was an unmarried daughter, living and making her home with her mother and family at the time of her death, occupying said land as a homestead, and has never abandoned the same, nor has she ever owned any other property; that Susie Murdock also, has a like homestead right in said property, and that said homestead is not subject to the alleged debts and liens.

The proof shows that the land in question was acquired by Hugh and Lucy A. Evans some time prior to 1895, and was occupied by them, together with their grandchildren, Lizzie and Susie Murdock, as a homestead at the time of his death, which occurred in that year, and that subsequent to his death his widow, with said two grandchildren, continued to reside upon said property as their home until her death, which occurred in June, 1905. It was further shown, that Mrs. Josephine Smith, nee Evans, one of the plaintiffs, was the daughter of said Hugh and Lucy A. Evans, and that, during frequent intervals in her father's life time, subsequent to the death of her first, and after she was divorced from her second husband, she had lived and made her home with her parents; that in 1901, after being divorced from her last husband, she moved to her mother's home upon this land, where she continued to live and make her home until the latter's death, with the exception of short intervals, when she was either visiting her relatives or temporarily at work; that she owned no home and had no property, and for several months after her mother's death she and said grandchildren, who were adults at the time of their grandmother's death, continued to live upon the place until they were forced to move to town to obtain medical treatment for Lizzie, who was an invalid, and subsequently died, during which period of time they rented out the homestead. We think it is satisfactorily shown that the estates of both Hugh and Lucy A. Evans were insolvent at the time of their respective deaths, and that the parties, plaintiff and defendant, were their children and grandchildren, and were entitled to the respective interests asserted by them as heirs at law in the land sued for.

A jury being waived, the case was tried before the court, who, after overruling all exceptions and demurrers, rendered a decree establishing the rights of the parties to the respective interests in said land, as alleged, and ordered a sale thereof for the purposes of partition, foreclosing the lien on all of said land in favor of said Ben McGee, for the alleged $11.98 taxes paid by him, and on half of said land in his favor for said note, decreeing that he was entitled to a 1-55 interest therein, and directing the payment of the remainder of said money, after the satisfaction of said liens, to the parties in accordance with their respective interests, from which judgment this appeal is prosecuted.

The controlling question, therefore, presented by this appeal seems to be, whether or not the title to the land in controversy, which was the homestead of the family of Lucy A. Evans in her life time, upon her death descended to and vested in her heirs, freed from the claims

of creditors, on the ground that she left surviving her in the persons of Mrs. Josephine Smith and said grand-daughters, such constituents of the family as entitled them to homestead rights therein, because, if this question is determined in favor of appellants, then it is clear that the court erred in foreclosing said lien in behalf of said McGee, with the exception of his claim for taxes.

The homestead of the family is exempt from forced sale for the payment of all debts, except the purchase money, taxes and for work and material used in constructing improvements thereon, etc., during the life time of its owners (Constitution, art. 16, sec. 50). And section 52 of said article provides that, on the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution; but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having jurisdiction, to use and occupy the same. In discussing this section of the constitution in Zwernemann, Guardian, v. Von Rosenberg, 76 Texas, 522, Chief Justice Gaines says that under the probate act of 1848, it had been decided that in insolvent estates the widow and minor children took an absolute title to the homestead, to the exclusion of adult heirs. Citing Horn v. Arnold, 52 Texas, 161. And that it was probably the purpose of this provision to prevent a repetition of that legislation. That when the present constitution was adopted, the policy of exempting from administration for the payment of debts such property of the decedent as had been exempt from forced sale during his life time, had been steadily pursued by our Legislatures. "In this we have found 'no variableness nor shadow of a turning.' First, by the Act of the 9th of January, 1843, it was provided that 'the same amount of property and the same kind, if so much belong to the estate in kind, that is exempt from sale under *fieri facias* or execution, be and the same is hereby declared to be exempt from sale by order of any probate court.' By the law of 1846, the exemption was enlarged by providing that in the event there should not be among the effects of the deceased all of the specific articles exempt from forced sale by the Constitution and laws of the State, a sale of sufficient property should be ordered in order to purchase such articles for the use of the widow and children. Pasch. Dig. art. 1305, note, 481. The rights of the widow and children were still further enlarged by the Act of March 20, 1848; and in Green v. Crow, 17 Texas, 180, it was held that under that Act, in case of an insolvent estate, the widow and children took an absolute title to the exempt property set apart to them. The probate law of 1870 seems to give emphasis to the provision that as a rule, creditors have no claim upon the property of a decedent previously exempt from forced sale, by prescribing that in case a constituent of the family survive such property 'does not form any part of the estate of a deceased person.' In Scott v. Cunningham, 60 Texas, 566, this provision was given a construction in harmony with the former laws upon the same subject. This

was the law in force when the existing Constitution took effect. In our opinion, it was not repugnant to any provision of that instrument, and therefore, continued in force until repealed by subsequent legislation. Under none of the laws cited was the exempt property subject to be sold by the order of the court of probate in case a constituent of decedent's family survived."

Continuing, he says: "When we turn to our existing statutes the intention of the Legislature is clear. Article 1993, (now 2046) Revised Statutes, reads as follows: 'At the first term of the court after an inventory, appraisement and list of claims have been returned, it shall be the duty of the court, by an order entered upon the minutes, to set apart for the use and benefit of the widow and minor children and unmarried daughters remaining with the family of the deceased, all such property of the estate as may be exempt from execution or forced sale by the Constitution and laws of the State, with the exception of any exemption of one year's supply of provisions.' Article 2002, (now 2055) also provides that 'should the estate upon final settlement prove to be insolvent, the title of the widow and children to all property and allowances set apart or paid to them, under the provisions of this and of the preceding chapter, shall be absolute, and shall not be taken for any debts of the estate, except as hereinafter provided."

After discussing this last provision, and holding that so much thereof as undertakes to absolutely vest title in the widow and children, to the exclusion of other persons entitled to the real estate of the ancestor under our laws of descent and distribution, is unconstitutional, it is held that the remaining part of said statute is operative, and says that, "the leading object of the provisions of the Revised Statutes upon this subject, was to prescribe that the exempt property should not be subject to sale by the order of the Probate Court, for the payment of debts generally, in the event either husband or wife, or a minor child, or an unmarried daughter survive the owner." Quoting art. 1817 (now 1869) and art. 2007 (now 2060) in aid of this view. Concluding, he further says: "The provisions we have quoted clearly show, we think, that it was the legislative intent to utterly exempt the homestead from the claims of the general creditors of the estate, provided a constituent of the family survived the decedent, and in case the estate was insolvent, to remove it beyond the pale of administration. This is in accordance with all previous legislation, and is not repugnant to the Constitution."

In the above case there was an effort on the part of creditors to subject the homestead to their debts after the death of both the husband and the wife, leaving minor children surviving them, the estate being insolvent at the time of their death. But the court held that the homestead descended to the heirs, freed from the claims of all creditors. This ruling is followed in Childers v. Henderson, 76 Texas, 664; Lacy v. Lockett, 82 Texas, 191, 17 S. W., 916; Krueger v. Wolf, 12 Texas Civ. App., 167, 13 S. W., 481; Wilkins v. Briggs, 48 Texas Civ. App., 596, 107 S. W., 135; Cameron v. Morris, 83 Texas, 14, 18 S. W., 422. But the contention on the part of appellee is that this doctrine cannot be applied here, because of the fact that there is no widow, minor children, or unmarried daughters remaining as neces-

sary constituents of the family; hence, the judgment of the lower court should be affirmed.

We are inclined to agree with the appellee so far as the grandchildren are concerned, because they do not come within the provisions of the statute on this subject. See Wilkins v. Briggs, supra. But we differ with appellee so far as his contention applies to Mrs. Josephine Smith, because we believe she comes within the meaning of the term "unmarried daughter," as used in the statute heretofore quoted. It is true that she had been married, but in 1901, when she returned to and made her home with her mother, she had been divorced, and continued to remain so from that time until the present. It has been held that a widowed daughter, who had, after the death of her husband, returned to and made her home with the family, came within the meaning of the term "unmarried daughter," and was protected in her homestead rights after the death of her parents. See Childers v. Henderson, and Krueger v. Wolf, supra. This being true, we can see no difference between the legal status of a widowed daughter and a divorced daughter; and the reason for the exemption in favor of the one appeals as strongly as in favor of the other; and we therefore hold in the instant case, the estate being insolvent, that she was entitled to her homestead rights at the death of her mother, in the property sought to be partitioned, by reason of which the title to said property, *eo instanti,* upon the death of her mother, vested in all of the heirs of said estate, freed from the claims of its creditors.

Appellee, in support of his contention that this property is subject to the claim of creditors, cites the following cases: Roco v. Green, 50 Texas, 483; Trammell v. Neal, 1 Posey, U. C., 53; Roots v. Robertson, 93 Texas, 365; Wilkins v. Briggs, 48 Texas. Civ. App., 596; 107 S. W., 135. We think that when these cases are analysed they are distinguishable from the cases heretofore cited in support of the ruling herein made.

The first case cited was a suit by appellant M. E. Roco, joined by her husband, as plaintiffs, against M. M. Green, administrator of estate of Lizzie A. Green, deceased, to strike from his inventory the homestead of which she died seized and possessed, alleging that the plaintiff, M. E. Roco, being a widow with several minor chilren, at the urgent request of her mother, Mrs. Lizzie A. Green, who was an aged widow and unable to work, removed to her homestead, where she and her children lived with her mother as members of her family, and so continued to reside until the date of her mother's death, which occurred in October, 1877. Wherefore, she, as an alleged constituent of her mother's family, invoked the benefit of the Probate Act of 1870, which provided that, the "property reserved from forced sale by the Constitution and laws of the State, or its value, if there be no such property, does not form any part of the estate of the deceased person when a constituent of the family survives." But the court held that the widowed daughter and minor children were not constituents of the family, within the contemplation of that statute. However, an entirely different question is now before the court, because the statute under consideration here designates who are the constituents, and prescribes that if they survive, and the estate be insolvent, then the home-

stead descends to them, freed from the claims of creditors. Besides this, the court held that the petition failed to allege that the estate which she claims as a homestead was insolvent, which fact alone differentiates it from the case at bar.

The case of Trammell v. Neal, supra, is not in contravention of the authorities heretofore cited, for the reason that it was based upon facts occurring before the adoption of the present Constitution, and the passage of the statutes hereinbefore quoted. Furthermore, it relies chiefly for support upon the case of Roco v. Green, which we have seen, is inapplicable to the facts now before the court.

Roots v. Robertson, supra, was a case in which it was held that the mother who had, previous to the death of an unmarried son, resided with him, could not claim homestead rights in his home as against his creditors, for the reason that she could not inherit his exemption, and was not one for whose benefit it could be set aside under the terms of section 52, art. 16 of the Constitution, or article 2046 of the Revised Statutes, and is therefore, inapplicable here.

The case of Wilkins v. Briggs, supra, is also distinguishable from the case at bar, and the cases cited in support of our ruling herein in this: That in that case there was no constituent member of the family left surviving Spencer Briggs, the deceased, such as designated in art. 2046. There was no widow, minor child, nor unmarried daughter left. It is true, that the daughter living with him at the time of his death was separated from her husband, but it is also shown that she was not divorced, as in the present case, for which reason, we think the court properly ruled that the homestead was not exempt from the claim of creditors, but descended to the heirs, subject to their just demands.

We therefore conclude that the court erred in foreclosing the lien of Ben McGee for the amount as evidenced by the note sued upon; but it seems, from the record, that he paid the taxes for the years 1907 and 1908, amounting to $11.98. This, we hold, was such a lien as the law contemplates may be enforced, even against a homestead. But it appears that he was a joint owner of this property, having inherited a life estate in one-third of his wife's portion thereof. His interest therein was then subject to sale for his pro rata part of said taxes which should be borne by him, and he having paid the taxes assessed against the whole of this property, would only be entitled to recover that part thereof paid by him in excess of the taxes so due and chargeable against his share of said estate; and therefore, was not entitled to a foreclosure of his lien for the whole amount of said taxes, as was done, but only as to such excess; and since the court did not undertake to determine what proportion of taxes paid by him should be charged against his portion of the estate, it is evident that the judgment foreclosing the lien in his favor for the full amount of such taxes was erroneous.

Believing that the court erred, as indicated, in decreeing a foreclosure in favor of said McGee for the amount evidenced by the note, as well as for all the taxes claimed to have been paid by him, the same is reversed and remanded with instructions to the trial court to partition the property or the proceeds thereof, as the case may be, in ac-

cordance with the respective interests of the parties, freed from the claim of said McGee on said note, subjecting the same, however, to a charge in his favor for such proportion of the taxes so paid by him, as it may be ascertained should be borne by the other co-owners.

*Reversed with instructions.*