HANNAH L. MARTIN *et al.* Appellees, *vs.* THE MODERN WOODMEN OF AMERICA, Appellant.

*Opinion filed February 23, 1912.*

1. WORDS AND PHRASES—*the word "child" does not include a grandchild.* The word "child," in both popular and legal significance, means a son or daughter,—a descendant in the first degree,—and does not include a grandchild; and the word will not be extended to include a grandchild unless there is something in the instrument showing an intention to use the word in an extended meaning, or unless it is necessary to give such extended meaning in order to render the instrument effective.

2. BENEFIT SOCIETIES—*a beneficiary has no vested right in contract between the member and society.* In Illinois the beneficiary named in a benefit certificate has no vested right or interest in the contract between the member and the society which will pass by descent.

3. SAME—*benefit certificate is not a testamentary disposition of property of member.* A benefit certificate speaks from the death of the member holding it, but it is not a testamentary disposition of the property of the holder, as the property does not become a part of his estate and is not subject to payment of debts or cost of administration.

4. SAME—*section 11 of Statute of Descent cannot be applied, generally, to benefit certificates.* Section 11 of the Statute of Descent cannot be applied, generally, to benefit certificates, since if it were so applied the shares of children who die childless would by the terms of the statute become intestate property.

5. SAME—*a benefit certificate in favor of children does not embrace grandchildren.* A benefit certificate in favor of the widow of the member and his children does not embrace the children left by a child who was alive when the certificate was issued but who predeceased the member.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.

TRUMAN PLANTZ, NORTHCOTT & ORR, and E. S. SMITH, for appellant.

KING & MILLER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is a suit by appellees, Hannah L. Martin, widow, and C. C. Martin, Earl Martin and M. F. Martin, children of F. M. Martin, deceased, commenced in the circuit court of Logan county, against appellant, the Modern Woodmen of America, upon a benefit certificate issued to said F. M. Martin for the sum of $1000, payable at his death to "Hannah L., wife, and children." The defense was that all the beneficiaries under the certificate were not made plaintiffs, and it was based on the fact that F. M. Martin, the holder of the certificate, had a daughter who died prior to his death, leaving two children, who were minors and non-residents of the State. It was claimed that these grandchildren had an interest in the fund and that the plaintiffs were not entitled to recover the whole amount. A jury having been waived the cause was tried by the court, and

2 5 3 — 2 6

the court held propositions of law that the word "children" did not include grandchildren and the two grandchildren were not beneficiaries under the certificate, and refused to hold propositions that the grandchildren were included. The court rendered judgment for $1025 and costs, and an appeal from the judgment was taken to the Appellate Court for the Third District. The Appellate Court affirmed the judgment and granted a certificate of importance and an appeal to this court.

The amount named in the certificate was payable at the death of F. M. Martin to his wife, Hannah L., and his children, who were each entitled to an equal share of the fund, and the disputed question is whether the grandchildren were included in the description of the beneficiaries. The word "child," in its popular signification, means a son or daughter; a descendant in the first degree; (Webster's Int. Dict.;) and the legal meaning of the word is the same as the popular one and does not include a grandchild. The word "children" is never extended to include grandchildren, in the absence of something in the instrument in which the word is employed showing the intention to use it with such an extended meaning or where it is necessary to render the instrument effective. (*Arnold* v. *Alden*, 173 Ill. 229; 7 Cyc. 125; 5 Am. & Eng. Ency. of Law,— 2d ed.—1085.) There is nothing in the context of the certificate which would justify us in giving any other than the natural and usual meaning to the word "children," and it was regarded as having that meaning, where similar questions were involved, in *Windsor* v. *Odd Fellows Benevolent Ass'n*, 13 R. I. 149, and *Elgar* v. *Equitable Life Ins. Ass'n*, 88 N. W. Rep. (Wis.) 927. The court of appeals of Kentucky held that grandchildren were included as beneficiaries under a certificate payable to children, in *Supreme Council Catholic Knights of America* v. *Densford*, 49 L. R. A. 776. In that case the member procured a certificate payable to his three named daughters, one of whom

died before his death, leaving children, and the court was of the opinion that the daughter who died was vested, by the terms of the certificate, with a definite interest in the fund, which would be due at the death of her father and which descended to her children. That conclusion does not agree with the rule in this State that the beneficiary in a certificate has no vested right or interest in the contract between the member and the benefit society. (*Delaney* v. *Delaney*, 175 Ill. 187; *Voigt* v. *Kersten*, 164 id. 314.) Under our law there was no vested interest which would pass by descent. A further basis for the decision was the Statute of Descent of Kentucky, providing that if the devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue will take the estate devised or bequeathed as the devisee or legatee would have done if he had survived the testator, unless a different disposition is made or required by the will. The certificate was regarded as testamentary in character and the statute was applied. But we cannot apply our Statute of Descent or hold that a certificate is a testament. The benefit certificate speaks from the death of the holder of the certificate, but it is not a testamentary disposition of property of the holder, since the property does not become a part of his estate and is not subjected to payment of debts or costs of administration. Section 11 of the Statute of Descent could not be applied, generally, to cases of benefit certificates, because if it were, the shares of children who should die childless would by the express terms of the statute be intestate property.

There is no ground upon which we are able to include the grandchildren as participants in the fund, and we think that the court was right in holding and refusing the propositions of law.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*