#### BAILEY v. JEROME *ET AL.*

#### (125 S. E., 29)

INSURANCE—POLICY PAYABLE TO "CHILDREN" HELD NOT TO INCLUDE GRANDCHILDREN SURVIVING DECEASED CHILD—Life policy, providing that it should be construed according to laws of New York, and payable to wife of insured "and if not living, to their children or their guardian for their use," *held* not to include grandchildren surviving deceased child.

NOTE: On right of children or representatives of deceased child to share in proceeds of policy of life insurance payable to "children," see note in 41 L. R. A. (N. S.) 250.

Before MEMMINGER, J., Charleston, January, 1924.   Affirmed.

Action by Ruth Baynard Bailey against Chauncey Jerome and others.

Judgment for plaintiff and defendants Chauncey Jerome and Katherine Jerome appeal.

The decree of Judge Memminger follows:

The above-entitled cause has been submitted for decision upon the complaint, answers, and an agreed statement of facts, and written arguments, and a photographic copy of the policy of insurance which is in question.   It seems from all of this, that James Swinton Baynard took out a policy with defendant company, more than 43 years ago, the policy is payable to his wife "for her sole use, if living, in conformity with the statute" (no doubt some statute of New York, not of this State, is referred to), "and if not living, to their children, or their guardian, for their use."   Mrs. Baynard pre-deceased her husband, and he died, January 31, 1923 (four days more than a year ago).   He left a daughter, the plaintiff, and four children of a deceased daughter and a son.   All, if any, interest in the policy of two of the grandchildren (Jeromes), has been released to the plaintiff, also the share of the brother; but the insurance company is now holding back the alleged share of two other Jerome children, neither being yet of age, and so, unable, legally, to protect the insurance company, if it should pay it all to the plaintiff, their aunt, the insurance company claiming that the grandchildren inherit their mother's alleged share.   There is no possible question, but that the plaintiff, as a child of the insured, was, at once, upon proof of his death, entitled to be paid a proportionate share of the policy; yet nothing was paid her for nearly two months and no interest for the time while this money was held back was added; and the same as to her brother's share, and shares released to her by the two Jerome children, of age; as to whom, the insurance company claimed they had an interest,

which it was unwilling to pay without a lawsuit. So taking it, "full and by," more than a year has elapsed, and upon a policy of $5,000, upon which premiums were paid for 43 years, there is still unpaid $833.94, apparently without accumulated interest; nor deposited and bearing interest at this time.

The question of law, upon which this payment of the alleged interest of the two minor grandchildren is stated, is as to whether the word "children" quoted from the policy includes grandchildren, as well as child or children living at the death of the insured. If this had been a testamentary disposition, there is no doubt the law of South Carolina would be against including grandchildren. *Logan v. Brunson,* 56 S. C., 10; 33 S. E., 738. "It is well settled in this State, at least, that, where there is a devise to 'children,' that word can never be construed so as to include grandchildren, unless there are no children, or there are strong and conclusive circumstances which show that such was the intention of the testator."

But this case is upon a contract, and there appears no decision in South Carolina upon the same point. But the general rule, as to a contract, is that the intention of the parties cannot be inquired into, but the meaning is to be ascertained only from their expression of this meaning; to wit, the wording of the contract, in the light of the law pertaining thereto.

Opposing counsel have presented cases from other States in which the point now made has been decided; under the line headed by the New York decisions, the grandchildren, defendants herein, have no interest. Under the line headed by the Connecticut decisions, the decision would be the other way.

After careful consideration I am for adopting the New York rule (certainly in the case at bar), and following the case, in point, of *Aaron Davis v. New York Life Ins. Co.,* 212 Mass., 310; 98 N. E., 1043; 41 L. R. A. (N. S.),

250.  I am further moved to adopt the New York rule, not because the law of New York is the law of the forum, but as throwing much light upon the law which the contracting party, the insurance company, must have had in mind and desired to be governed by; because it is a New York corporation, contracted in the light of the law of its domicile, and so expressly stipulates in the contract.  (See Section 6, of the policy, as follows: "6. This policy is a contract, made and executed in the State of New York, and shall be construed only according to the charter of the company and the laws of that State, and, no suit shall be brought against the company upon this policy except in the courts of that State, or in the Circuit or District Court of the United States, nor shall any suit be brought after the lapse of one year from the time when the cause of action accrues.")   This is what the insurer wanted and stipulated for, and Mr. Baynard agreed to, 43 years ago.  Let them have it.  South Carolina has not decided otherwise.

"As it is so tersely put in the closing sentence of the argument, presented by Mr. Rutledge, on behalf of the plaintiff, "A child is a child, and Mrs. Bailey is the only child surviving."  The argument of Mr. Figg, upon the other view of the proposition, is agreeable and attractive, but I think the cases which support that view are less founded in reason, and should not be adopted.

The decree is for the plaintiff for the relief sought in her complaint.  I think the costs should be upon the defendant insurance company, under the lines set out in the first part of this decree, as to failure to promptly pay, etc.; and it is so ordered, adjudged, and decreed.

*Mr. Robert McC. Figg, Jr.,* for appellants, cites:  *Under insurance policy payable to children, grandchildren take interest of their parent:* 42 Conn., 60; 44 L. R. A., 689; 45 S. W., 784; 56 N. W., 535.  *Interest of children is vested and descends to their heirs:* 114 S. C., 306; 97 S. C., 299; 128 U. S., 195; 212 Mass., 310.  *Life insurance not contract*

*of indemnity:* Joyce Ins. 29, 65; 9 East., 72; 15 Com. B.,
**365.**

*Messrs. Rutledge, Hyde & Mann,* for respondent, cite:
*Insurance policy must be construed according to the law of
contracts:* 41 L. R. A. (N. S.), 250; 115 N. Y., 152;
133 N. Y., 408; 80 N. E., 203; 46 Sou., 697; 13 R. I.,
149. *Should not be treated as a testamentary disposition:*
56 S. C., 10; 2 DeS. Eq., 309; Bail. Eq., 7; 1 Strob. Eq.,
87; 16 S. C., 220. *Children will not include grandchildren:*
59 S. C., 160; 6 Rich Eq., 401.

October 25, 1924.

Opinion of the Court was delivered by MR. JUSTICE
WATTS.

For the reasons assigned by his Honor Judge Memminger
it is the judgment of this Court that the judgment of the
Circuit Court be affirmed.

MESSRS. JUSTICES FRASER and COTHRAN concur.

MR. JUSTICE MARION concurs in result.

MR. CHIEF JUSTICE GARY did not participate.