## SMITH et al. v. GRAND HIGH COURT OF JERICHO OF TEXAS.

### No. 933.

Court of Civil Appeals of Texas. Waco.

June 19, 1930.

Rehearing Denied Sept. 25, 1930.

Bryant, Goar & Williford and W. T. Thomason, all of Wortham, for appellants.

Levi Herring, of Fairfield, for appellee.

GALLAGHER, C. J.

This appeal is prosecuted by Lois Smith and Aaron Smith, hereinafter styled plaintiffs, and Matthew Burrell and Victoria Burrell, hereinafter styled interveners, from a judgment denying them, and each of them, any recovery against the Grand High Court of Jericho of the State of Texas, hereinafter styled defendant, for relief or charity benefits alleged to have accrued and become payable on account of the death of Queen L. Davis, a member of defendant organization. The defendant is an unincorporated fraternal association, composed of Master Masons' wives, mothers, daughters, sisters, and widows. Each member of the organization is called an Heroine. It is operated on the lodge plan

or system. Defendant is the grand lodge of such system and has various local lodges, or courts, subordinate thereto. The purpose of its organization is declared to be to promote and cultivate sincere friendship, practice relief, and charity, and assist in relieving a suffering humanity. In prosecuting the purpose of its organization, it accumulates and dispenses certain moneys which it terms its relief fund. When an Heroine in good standing dies, upon compliance with certain formalities by her legal beneficiary, defendant's Grand Secretary issues a check on its treasury in favor of such beneficiary for the amount found to be due on account of such death.

Defendant's constitution declares that its Grand High Court and all local or subordinate courts are subject to and under the direct supervision of the Most Worshipful Grand Joshua. Said constitution contains several separate provisions with reference to the payment of relief benefits.

Section 12, of article 5, thereof, provides, in substance, that relief benefits shall be paid to either of the beneficiaries of the dead Heroine who may be selected by the Most Worshipful Grand Joshua.

Section 1, of article 6, thereof, declares, in substance, that defendant's Grand High Court is a charitable institution and extends its charity or relief to worthy persons and its own members according to the terms of its constitution and its own fixed rules; that such relief shall never be paid to the estate of an Heroine, nor in satisfaction of her debts, nor to any person except an Heroine's (1) husband, (2) legal child or children, (3) mother, (4) father, (5) unmarried sister, (6) married sister, brother, or other person who shall care for her in her last hours of illness.

Section 2, of article 6, thereof, so far as applicable, provides, in substance, that no husband of an Heroine who is not supporting her and living in the same house with her at the time of her death, or who has deserted her or failed to care for her while ill, or who has separated from her and is living under the roof or in the house of some other person, or who has failed and refused to employ a competent physician to attend her in her last hours of illness, shall be entitled to relief benefits.

Section 6, of article 6, thereof, authorizes, in substance, its Grand Secretary to issue its relief checks in proper amounts (1) to the husband of an Heroine, if he is living, but, if he is dead, (2) to the legal children, if they are living, but, if no children are living, (3) to the mother, if she is living, but, if she is dead, (4) to the father, if he is living, but, if he is dead, (5) to the unmarried sister, if she is living, but, if there is no unmarried sister, (6) to the married sister, if she cared for her in her last hours of sickness, or to whomever cared for her during her last hours of illness, *"provided always that they are found to be worthy, and meet the requirements as set forth in the preceding sections of said Article."* (Italics ours.)

Section 7, of said article 6, declares who shall be the legal beneficiaries of a deceased Heroine in conformity with the provisions of said section 6.

Queen L. Davis was an Heroine in good standing in said order at the time of her death, which occurred on May 29, 1928. The amount of the relief benefits which accrued on account of her death was $266. Ordinarily, benefits were paid in two installments. One of such installments was due and payable immediately upon proper proof of the death of the Heroine. This installment was arbitrarily fixed at the sum of $150. Apparently the purpose of this installment was to provide for the payment of expenses of last sickness and burial. Each court year ended on the 31st day of May. At the next meeting of the Grand High Court thereafter the money remaining in the relief fund at that time was ascertained and divided into equal parts according to the number of Heroines who had died during said year. One of such equal parts was then apportioned to the beneficiary of each deceased Heroine, and the same constituted the second, or final, installment of such relief. The death of Queen L. Davis occurred only three days before the end of the court year, and no relief payment was made on account of her death until after a meeting of the Grand High Court, when it was ascertained that the total amount of the relief benefit which accrued on account of her death was the sum aforesaid.

The deceased Heroine, Queen L. Davis, was married to Nelse Davis in the fall of 1926. They lived together until some time in the spring of 1927, when he deserted her and ceased to contribute to her support. After that time they resided apart, but were not divorced. She made her home with interveners, Victoria Burrell and Matthew Burrell, until her death. She supported herself by her own earnings until a short time before her death. Interveners cared for her during her last illness. She left surviving her her said husband Nelse Davis, two widowed sisters, and the two grandchildren, Lois and Aaron Smith, plaintiffs herein, who are children of a deceased son by a former marriage. The Most Worshipful Grand Joshua, purporting to act under the provisions of the constitution hereinbefore recited, authorizing him to select the beneficiary to whom relief benefits should be paid, selected Nelse Davis, surviving husband, as the legal beneficiary, and the entire amount of the relief accruing on

account of the death of said Queen L. Davis was paid to him.

Plaintiffs sought to recover relief accruing on account of the death of Queen L. Davis on the ground that they represented their deceased father, the only child of said deceased Heroine, and on the further ground that they had procured from the surviving husband and the two sisters of the deceased an assignment of their claims to such funds. Interveners sought to recover relief accruing on account of the death of said Heroine on the ground that they cared for her in her last illness, and thereby became entitled to such relief under subdivision (6) of section 6, of article 6, of defendant's constitution. Both plaintiffs and interveners alleged that Nelse Davis, the surviving husband, was disqualified and prohibited by the provisions of section 2, of article 6, of the constitution of the order, as hereinbefore recited, from receiving or claiming relief benefits which accrued on account of the death of his said wife. Defendant alleged as a defense to the demands of both plaintiffs and interveners that it had paid the relief benefits which accrued on account of the death of said Queen L. Davis to her said surviving husband. Defendant alleged that the Most Worshipful Grand Joshua was invested by provisions of the constitution hereinbefore recited with authority and discretion to select, among the beneficiaries designated therein, the particular beneficiary whom he deemed worthy to receive the same, and that he had selected Nelse Davis, the surviving husband, as such beneficiary, and that the full benefit accruing on the death of his wife had been paid to him.

The case was tried before the court and judgment rendered that neither plaintiffs nor interveners take anything by their suit and that defendant go thence without day. The court, at the request of both plaintiffs and interveners, filed findings of fact and conclusions of law. The substance of the findings of fact so filed by the court have been hereinbefore recited. In his conclusions of law he predicated the judgment rendered on the fact that Queen L. Davis left surviving her a husband and two unmarried (widowed) sisters, and held that neither plaintiffs nor interveners were entitled to recover the relief money sued for, the surviving husband having been selected by the proper officer of defendant as the beneficiary to receive the same. Plaintiffs and interveners present said judgment for review on separate assignments of error.

## Opinion.

Plaintiffs present as grounds for reversal four propositions. Only two separate contentions are asserted therein. The first of such contentions is that Nelse Davis, the surviving husband, having been at the time of his wife's death living separate and apart from her and not contributing to her support, was by the express provisions of defendant's constitution disqualified and prohibited from receiving the benefits accruing on account of the death of his said wife, and that his selection or designation as beneficiary by the Most Worshipful Grand Joshua was invalid and payment to him no defense to plaintiffs' demand therefor. It is elementary that a recovery by plaintiffs in a suit must be supported by an affirmative right thereto. Before plaintiffs could recover the benefits sued for it devolved upon them to show in themselves such right. In determining whether such right existed, it is wholly immaterial whether the defendant paid the benefits in question to another who was not entitled thereto or merely refused to pay same to the plaintiffs. The rule so often announced in trespass to try title cases that the plaintiff must recover, if at all, on the strength of his own, and not on the weakness of the defendant's title, is only the application of a general rule to that particular form of action. Before any plaintiff can recover he must establish a cause of action in himself. The essential elements of a cause of action consist of a right possessed by plaintiff, a corresponding duty or obligation on the part of the defendant, and a breach or failure to perform such duty or discharge such obligation. 1 C. J. 927. We do not therefore find it necessary to determine whether the provisions of defendant's constitution denying to Nelse Davis as a deserting husband the right to receive the relief accruing on account of the death of his wife absolutely prohibited his selection as such beneficiary by the Most Worshipful Grand Joshua and made the payment of such relief benefits to him invalid and therefore insufficient to constitute a defense to a claim against the order therefor by a succeeding beneficiary. Plaintiffs showed no inherent right in themselves to recover such relief benefits. They were not children of the deceased. The express terms of defendant's constitution made living children of the deceased legal beneficiaries, in the absence of a living husband (or, if as contended by both plaintiffs and interveners, in the absence of a duly qualified husband). Such constitution contains further terms expressly providing that, if there be no living children of the deceased, the relief benefits accruing shall be paid to others in the order named. Plaintiffs were, it is true, found by the court to be grandchildren of the deceased, but grandchildren are not included in the term children, as used in the sections of defendant's constitution designating the beneficiary who shall receive the relief accruing on the death of an Heroine in good standing. Burgess v. Hargrove, 64 Tex. 110, 112; Cartwright v. Moore, 66 Tex. 55, 56, 1 S. W. 263; Wilkins v. Briggs, 48 Tex. Civ. App. 596, 107 S. W. 135, 140; Anderson v. McGee, 61 Tex. Civ. App. 274, 130 S. W. 1040, 1043:

Martin v. Modern Woodmen of America, 253 Ill. 400, 97 N. E. 693, 694, Ann. Cas. 1913A, 299; Succession of Roder, 121 La. 692, 46 So. 697, 698, 15 Ann. Cas. 526, and authorities there cited; Bailey v. Jerome, 129 S. C. 387, 125 S. E. 29; Burnett v. Mutual Life Ins. Co. of N. Y., 66 Ind. App. 280, 114 N. E. 232, 234.

▮▮ The second contention and the only affirmative right of recovery asserted by plaintiffs is their claim that they held an assignment of all rights in and to the relief benefits in controversy, not only from Nelse Davis, but also from the two widowed sisters of the deceased. According to the terms of defendant's constitution unmarried sisters of a deceased Heroine are entitled to receive the relief benefits in preference to married sisters or other persons who cared for her in her last hours of illness. Only when there are no unmarried sisters living are such benefits payable to a married sister or other person so caring for deceased. The court in his conclusions of law held that said widowed sisters of the deceased were unmarried within the meaning of that term as used in the sections of defendant's constitution designating the beneficiaries of a deceased Heroine and the order in which they were entitled to receive such relief benefits. If such conclusion is correct, an assignment from them of such relief benefits after they had accrued might invest plaintiffs with the right to demand and receive the same from defendant. Plaintiffs, however, cannot in any event recover on such theory of assignment. The court, in response to a proper and formal request from both plaintiffs and interveners, filed his findings of fact herein. No finding that such an assignment was held by plaintiffs is included therein. Plaintiffs did not request a specific finding on this particular issue. They did except in general terms to the findings of fact filed as aforesaid, but their bill was filed long after the time for filing such findings had expired. It was then, of course, too late for the court to amend his findings of fact by supplying omissions therein, even if his failure to find on this particular point had been called to his attention at that time. He rendered judgment against the plaintiffs. In such condition of the record we are required to presume that he found no such assignment was in fact made. Fitzhugh v. Franco-Texas Land Co., 81 Tex. 306, 313 and 314, 16 S. W. 1078; Gardner v. Watson, 76 Tex. 25, 31, 13 S. W. 39; Hanks v. Magnolia Pet. Co. (Tex. Com. App.) 24 S.W. (2d) 5, 7, par. 3; Hatton v. Bodan, 57 Tex. Civ. App. 478, 123 S. W. 163, 167 (writ refused); Capps v. City of Longview (Tex. Civ. App.) 122 S. W. 427.

▮ Plaintiffs assert in this connection that the evidence showed that they secured such an assignment. No such instrument is shown in the statement of facts. Such statement does show that plaintiff Lois Smith claimed that she presented the grand secretary with a written assignment, acknowledged before a notary public from Nelse Davis and the two sisters of the deceased, in which they released and gave to plaintiffs all right, title, claim, and interest in such benefits. No other witness testified to the existence of such assignment. Mrs. Kirven, secretary of the local court, denied that any such instrument was exhibited to her. McDonald, defendant's Most Worshipful Grand Joshua, testified that he did not have any notice in writing or otherwise of such assignment. Since the existence of such assignment was shown by the testimony of Lois Smith alone without any material circumstances tending to corroborate the same, and since she was an interested party, the court was not required to accept her testimony as true, but, in the exercise of the discretion vested in him to determine the credibility of witnesses and the weight to be given to their testimony, had the right to disregard same entirely. Dunlap v. Wright (Tex. Civ. App.) 280 S. W. 276, 279, and authorities there cited. Plaintiffs' propositions are all overruled.

▮ Interveners present, also, as ground for reversal, four propositions. Three separate contentions are urged therein. Their first contention is that Nelse Davis was disqualified and prohibited by the terms of defendant's constitution from receiving the relief benefits in controversy. This contention has been hereinbefore considered and held without determinative effect upon the disposition of this appeal. Their second contention is that the court erred in holding that the widowed sisters of the deceased were "unmarried" within the meaning of that term as used in the sections of defendant's constitution here under consideration. This contention is the gist of their complaint in this appeal, because said sisters, if "unmarried," were by the express terms of such constitution entitled to receive the relief benefits in controversy in preference to strangers to the blood of the deceased, though they cared for her in her last hours. Interveners were admittedly not related to the deceased either by blood or marriage. The status of the surviving sisters of the deceased must, of course, be determined by their condition with respect to marriage at the time of her death. The term "unmarried" in its literal sense means not married. Said sisters, to come within any definition of the term, must therefore not have been married at that time. Neither of them were married at that time. While those who are not married may be properly separated into two classes, those who have never been married and those who have been married, but whose marriages have been dissolved by death or by divorce, the term "unmarried"

may, in its literal sense, be applied to either of such classes. Which class is meant by the use of said word in a particular case must be determined by the connection in which it is used, the language of the instrument as a whole, and the purposes to be effected thereby. After such consideration of the term "unmarried" as used in defendant's constitution in designating beneficiaries of a deceased Heroine, we have reached the conclusion that it was used in its literal sense and was intended to include all sisters not at that time married, whether they had never been married, or, having been married, had been widowed, either by divorce or death. Childers v. Henderson & Co., 76 Tex. 664, 665, et seq., 13 S. W. 481; Krueger v. Wolf, 12 Tex. Civ. App. 167, 33 S. W. 663, 667, et seq. (writ refused); Anderson v. McGee, 61 Tex. Civ. App. 274, 130 S. W. 1040, 1043; Mott v. Scanlan, 19 Cal. App. 250, 125 P. 762, 763; Myers v. Denver & R. G. R. Co., 61 Colo. 302, 157 P. 196, 197, L. R. A. 1917D, 287; In re Conway's Estate, 181 Pa. 156, 37 A. 204; In re Kaufman, 131 N. Y. 620, 30 N. E. 242, 243, 15 L. R. A. 292; Trenton Trust & Safe Deposit Co. v. Armstrong, 70 N. J. Eq. 572, 62 A. 456, 457; In re Giles (C. C. A.) 158 F. 596, 597; In re Oakley, 67 App. Div. 493, 74 N. Y. S. 206, 208; State v. Wallace, 79 Or. 129, 154 P. 430, L. R. A. 1916D, 457; People v. Weinstock (Mag. Ct.) 140 N. Y. S. 453, 458; Keister's Administrator v. Keister's Executors, 123 Va. 157, 96 S. E. 315, 317, 1 A. L. R. 439; State v. Eddy, 40 S. D. 390, 167 N. W. 392, 393. The third contention, and the only affirmative right of recovery, asserted by them is that they cared for the deceased in her last hours. Those who care for a deceased Heroine in her last hours are made beneficiaries by the terms of defendant's constitution, "provided always that they are found to be worthy and meet the requirements as set forth" in said instrument. They are, however, placed in class (6) and are not entitled to receive the relief benefits unless no one enumerated in the five preceding classes of beneficiaries is living. Unmarried sisters of a deceased Heroine constitute class (5). The fact that two unmarried sisters of the deceased were living at the time of her death precluded interveners from claiming the relief benefits here in controversy. The court found that interveners did care for the deceased in her last hours, but did not find that they were worthy, nor that they met the requirements set forth in defendant's constitution. Since the existence of living unmarried sisters of the deceased precludes a recovery by interveners, we do not find it necessary to determine whether such finding of worthiness, etc., would have been necessary to entitle them to recover. All of interveners' propositions are overruled.

The judgment of the trial court is affirmed.