G. W. GULLEDGE v. LAURISTON WHITE.

No. 6172.

1. **Forcible Detainer—Complaint.**—Revised Statutes, article 2445, prescribes that in proceedings in forcible entry and detainer the complaint shall "state the facts which entitle the complainant to the possession and which authorize the action." This is not complied with by a complaint "that said Gulledge (the defendant) has heretofore been a tenant at will of said real property, and that said complainant is entitled to the actual possession of the same."

2. **Same—Constructive Possession.**—Constructive possession of one who has been disseised by an adverse entry is not sufficient to support such action, because in such a case an inquiry into the title would become necessary.

3. **Fact Case.**—See facts held not to support an action of forcible detainer.

APPEAL from Bexar. Tried below before Hon. G. H. Noonan. The opinion gives the facts.

*Oscar Bergstrom* and *W. W. Walling,* for appellant. — 1. A suit in the nature of a forcible entry and forcible detainer can not be maintained unless the relation of landlord and tenant exists between the parties plaint-

·iff and defendant, or a forcible entry upon the actual possession of an-
·other or that of his tenant, and the remedy being a summary one the
·complaint must show the extent of all facts entitling plaintiff to maintain
·such suit.

2.   In suits of forcible entry or forcible detainer the complainant must
show that the property for the possession whereof suit is brought is situ-
ated in the precinct where the suit is instituted.   Yarbrough v. Chamb-
erlain, 1 W. & W. Ct. App. C. C., sec. 1122; Ochoa v. Garza, 1 W. & W.
·Ct. App. C. C., sec. 939; Hays v. Porter, 27 Texas, 92; Cooper v. March-
banks, 22 Texas, 1.

3.   The judgment is contrary to the law and the evidence in this, that
the evidence does not show that the defendant ever became the tenant
at will or otherwise of the plaintiff, his vendors, or agents.

*L. D. Dibble,* for appellee.—To entitle the plaintiff to recover it is
·sufficient that the defendant had entered upon the premises without the
consent of the person having the actual possession, or that he was a ten-
ant at will and had been legally notified to give up possession, and that
the premises were in the precinct in which the suit is brought.   Nor is
it material whether the tenant shall have received possession from his
landlord or have become his tenant after obtaining possession.   Rev.
Stats., arts. 2440–2444.

GAINES, ASSOCIATE JUSTICE.—This is a suit of unlawful detainer
brought by appellee against appellant in the Justice Court of Precinct
No. 1 of Bexar County to recover possession of certain lots in the city of
San Antonio.   The defendant having recovered a judgment in the Jus-
tice Court the plaintiff appealed to the District Court, where the defend-
ant, Gulledge, made a motion to dismiss the cause on the ground that
"the complaint fails to show the relation of landlord and tenant between
plaintiff and defendant."   The court overruled the motion, and we are
of opinion that this was error.   The only allegation in regard to the re-
lation of landlord and tenant between the parties found in the complaint
is as follows:   "Also that said Gulledge has heretofore been a tenant at
will of said real property and that said complainant is entitled to the
actual possession of the same."   In Cooper v. Marchbanks, 22 Texas, 1,
the court say:   "If the case is one where a tenant willfully holds over
after the determination of his lease or of the lease of the person under
whom he claims, the complainant must state the fact of the lease, the
time of its determination, and the facts which entitle him to the pos-
session of the premises and to the remedy of the statute."   That decision
was made under the Act of March 15, 1848, which did not expressly re-
quire the complaint to "state the facts which entitle the complainant to
the possession and authorize the action," as is now required in terms by

article 2445 of the Revised Statutes.  Pasch. Dig., art. 3872.  The complaint in this case alleges that the defendant was a tenant at will of the lots in controversy as a conclusion of law, but does not even allege that, he was a tenant under the plaintiff as his landlord.

It is also assigned that "the judgment is contrary to the law and evidence in this, that the evidence does not show that the defendant ever became the tenant at will or otherwise of the plaintiff, his vendors, or agents."

This assignment is also well taken.  The plaintiff testified that he bought the property of one Ambler and that very shortly after his purchase he found Gulledge in possession, and that he never made any agreement with defendant regarding his possession or occupancy of the lots. Ambler testified that he bought the lots of Hosach in July, 1884, and that defendant was then in possession, and that he "made no arrangement with Gulledge to let him occupy the property."  Hosach swore that he was agent for the property from May to July, 1884; that he did not know when Gulledge went into possession, and that he did not have his consent to take possession, and also that he (Hosach) had never had possession, and that when he first became agent no one was in possession of the lots.  For whom Hosach was acting does not appear by the record. Gulledge testified: "I am the owner of the lots in controversy.  I bought and paid for them.   I never made any agreement with J. A. H. Hosach,. L. White, or A. S. Ambler with reference to my possession of the lots sued for or to become their tenant at will or otherwise."

The relation of landlord and tenant grows out of a contract between the parties.   There is not the slightest conflict in the testimony in this case.   It shows affirmatively that no such relation existed between the parties to this suit at the time the proceeding was instituted.

It is not even shown that the plaintiff or anyone under whom he claims ever had actual possession of the premises in controversy.  If it had been proved Hosach's principal had actual possession, and during his casual absence the defendant had entered upon and detained the property, and if the complaint had shown these facts, an action of forcible entry and detainer may have been maintained.   Warren v. Kelly, 17 Texas, 544; Holmes v. Holloway, 21 Texas, 658.

That the constructive possession of one who has been disseised by an adverse entry is not sufficient to support an action of this character follows from the fact that such a case would involve an inquiry as to the title,. which is not permitted in such a proceeding.

The judgment is reversed and here rendered for appellant.

*Reversed and rendered.*

Delivered April 16, 1889.