### B. L. FRANCIS v. A. N. HOLMES.

Decided March 27, 1909.

**1.—Landlord and Tenant—Elements of Relationship.**

In order to constitute the relationship of landlord and tenant, it is indispensable that the possession of the tenant should be with the consent of the landlord and in subordination to his title.

**2.—Forcible Detainer—Statute Construed.**

Where it appeared that the defendant obtained possession of the land in controversy under an agreement to purchase the same, an action of forcible detainer could not be maintained because the land was never let by the plaintiff to the defendant within the meaning of the term "let" as used in subdivision 3 of article 2519 of the Rev. Stats. nor was the defendant ever a tenant by will or sufferance within the meaning of article 2521.

Appeal from the District Court of Wheeler County. Tried below before Hon. H. G. Hendricks.

*Lackey & Cocke*, for appellant.

*J. B. Reynolds*, for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—On September 9, 1907, A. N. Holmes entered into a parol agreement with B. L. Francis to sell to him the northwest quarter of section 42 in block 17, H. & G. N. R. R. Co. survey, in Wheeler County, for the sum of thirty-four hundred and fifty dollars, payable as follows: Two hundred dollars cash; eighteen hundred dollars on November 9, 1907; six hundred dollars November 1, 1908; six hundred dollars November 1, 1909; and two hundred and fifty dollars November 1, 1910. On the same date Holmes executed a deed to the land in favor of Francis, expressing the foregoing consideration, and Francis executed promissory notes in favor of Holmes for all the deferred payments except the eighteen-hundred-dollar payment, all of which papers, together with two hundred dollars cash by Francis, were deposited with O. T. Nicholson, an officer in the Shamrock bank, under a parol agreement between the parties that if Francis should fail to pay the eighteen hundred dollars on November 9, 1907, then the two hundred dollars deposited with the papers should be forfeited to Holmes and the contract of purchase terminated. Francis was then placed in possession of the land under and by virtue of the foregoing agreements and has held same ever since. At the time he took possession there were matured crops on the land grown by Holmes, and these crops were embraced in the contract of sale as a part of the realty.

On October 28, 1907, Holmes, at the request of Francis, agreed to extend time of payment of the eighteen hundred dollars instalment and Francis agreed to pay interest thereon, but the period of extension and the rate of interest were not agreed on. December 15, 1907, there was a definite agreement of extension of time for payment of the eighteen hundred dollars to January 1, 1908. During the month of December Francis paid to Holmes three hundred and fifty dollars, which was accepted by the latter as a part payment of the eighteen hundred dollars before mentioned. This money was realized by Francis from the sale of cotton gathered by him from the land and grown by Holmes. On January 1, 1908, Francis, being unable to pay the balance of the eighteen hundred dollars, asked for further extension of time and Holmes agreed to give him an answer on the morning of the following day. On the evening of January 2 Francis offered to give a check on a bank for this balance, but Holmes refused to accept it and declared the contract of purchase terminated.

On February 6, 1908, Holmes instituted a suit in the Justice Court for forcible detainer against Francis to recover possession of the land, alleging in his complaint that possession of the property had been given to Francis under a contract by which defendant had the option to purchase it on or by January 1, 1908, and that he had failed to exercise the option according to its terms and thereby defendant's right to purchase was forfeited and lost, and his right to possession terminated. Plaintiff recovered in the Justice Court and from the judgment there rendered Francis appealed to the District Court, where he was again cast in the suit, and now appeals from the judgment last rendered to this court.

Upon the trial in the District Court Francis tendered to Holmes

in open court fourteen hundred and seventy-five dollars as the balance due of the eighteen-hundred-dollar payment, with interest thereon from January 2, 1908, also the notes previously executed by him, and in his pleadings claimed title to the land.

Sayles' Texas Civil Statutes, article 2519, reads as follows: "If any person (1) shall make an entry into any lands, tenements or other real property, except in cases where entry is given by law; or (2) shall make any such entry by force; or (3) if any person shall wilfully and without force hold over any lands, tenements or other real property after the termination of the time for which such lands, tenements or other real property were let to him or to the person under whom he claims, after demand made in writing for the possession thereof by the person or persons entitled to such possession, such person shall be adjudged guilty of forcible entry and detainer, or of forcible detainer, as the case may be."

Article 2521: "A person shall be adjudged guilty of forcible detainer also in the following cases:

"1. Where a tenant at will or by sufferance refuses, after demand made in writing as aforesaid, to give possession to the landlord after the determination of his will.

"2. Where the tenant of a person who has made a forcible entry refuses to give possession, after demand as aforesaid, to the person upon whose possession the forcible entry was made.

"3. Where a person who has made a forcible entry upon the possession of one who acquired it by forcible entry refuses to give possession on demand, as aforesaid, to him upon whose possession the first forcible entry was made.

"4. Where a person who has made a forcible entry upon the possession of a tenant for a term, refuses to deliver possession to the landlord, upon demand as aforesaid, after the term expires; and if the term expire whilst a writ of forcible entry sued out by the tenant is pending, the landlord may, at his own cost and for his own benefit, prosecute it in the name of the tenant.

"It is not material whether the tenant shall have received possession from his landlord or have become his tenant after obtaining possession."

If the facts proven and above noted make this a case of forcible detainer under the statutes it must be by virtue of subdivision three of article 2519, or by virtue of some provision of article 2521 above quoted. All those provisions contemplate the existence of the relation of landlord and tenant as a basis for the action of forcible detainer. The facts above noted plainly show that Holmes gave to Francis possession of the land under and by virtue of the contract of the latter to purchase it, and we think the land was never let to Francis within the meaning of the term "let," as used in subdivision three of article 2519, and that he was never a tenant by will or sufferance within the meaning of article 2521. The term "let" is thus defined in Anderson's Law Dictionary: "To give leave to; to permit. To grant the use of realty for a compensation; correlative to hire;" and thus in Rapalje's Law Dictionary: "Hindrance, obstruction. To lease, or hire out a thing for a compensation." The following from

1 Wood's Landlord and Tenant, 1, seems in accord with the weight of the authorities: "A tenant is one who occupies the lands or premises of another, in subordination to that other's title, and with his assent, express or implied. But, in order to create the relations, the two elements must concur. The fact that one is in the possession of the lands of another does not of itself establish a tenancy, because if he is in possession under a claim of title in himself, or under the title of another, or even in recognition of the owner's title, but without his assent, he is a mere trespasser, and can not be compelled to yield rent for his occupancy, nor is he estopped from attacking the owner's title. In such a case, all the elements requisite to create the relation of landlord on the one hand, or of tenant on the other, are lacking, to wit, assent upon the one hand, and subordination to title upon the other. If the owner gives his assent to the occupancy of one who has entered upon his lands adversely, a tenancy is not thereby created. In order to have that effect, the person in possession must accept such permission and consent to hold under him, and in subordination to his title." See also Cunningham v. Ammerman, 3 App. Civ. Cases, sec. 352; Brown v. Randolph, 26 Texas Civ. App., 66; 24 Cyc., 884-887; 1 Taylor's Landlord and Tenant, secs. 23 and 25.

The issue made both by the pleadings of the parties and by the evidence, being necessarily one of title, could not be determined in the action for forcible detainer. (Sayles' Texas Civil Statutes, article 2529; 19 Cyc., 1124 to 1127.)

The judgment of the trial court is therefore reversed and the cause dismissed.

*Reversed and dismissed.*