**AMERICAN SPIRITUALIST ASS'N,**
**Appellant,**

v.

**Lou RAVKIND et al., Appellees.**

**No. 15405.**

Court of Civil Appeals of Texas.

Dallas.

Jan. 24, 1958.

Rehearing Denied March 14, 1958.

Second Motion for Rehearing Denied
May 2, 1958.

J. Von Brown, Dallas, in pro. per. (R. A. Neathery, Dallas, on the brief), for appellant.

Morris I. Jaffe and Jay S. Fichtner, Dallas, for appellees.

DIXON, Chief Justice.

· American Spiritualist Association, a corporation, has appealed from an order granting to appellees Lou Ravkind, Dave Ravkind, and Max Blasser, a temporary injunction, which is both mandatory and prohibitory in nature. We quote from the order:

" * * * the said American Spiritualist Assn., a corporation, its agents, servants and employees, are hereby ordered to immediately remove from the premises known as 2606 South Blvd., in the City and County of Dallas, Texas, themselves and all of their personal property * * * it is further ordered that the defendant, American Spiritualist Assn., a corporation, its agents, servants and employees, are hereby ordered immediately to cease and desist and are hereby prevented and restrained and enjoined from going upon and in any manner coming about or trespassing upon the said property and improvements known as 2606 South Blvd., in the City and County of Dallas, Texas."

The parties—appellant on the one hand and appellees on the other hand—assert conflicting claims of title to the real property known as 2606 South Boulevard.

The material facts for the most part are undisputed. On September 16, 1955 appellees sold the property to appellant American Spiritualist Association, appellees retaining a vendor's and deed of trust lien to secure payment of part of the purchase price. Appellant then, with appellees' knowledge and consent, went into actual possession of the property. Appellees claim that appellant thereafter fell behind in its payments. Appellant denies that it fell behind in its payments. Anyway on August 6, 1957 appellees undertook to foreclose their deed of trust lien, and themselves bought the property at a trustee's sale. Under and by virtue of their trustee's deed appellees now claim title to the property.

On August 7, 1957 appellees sent a letter to appellant demanding that appellant vacate the premises. Appellant refused to vacate the premises. According to a suggestion of an amicus curiae, appellant on August 14, 1957 filed a trespass to try title suit against appellees and Joe Goodwin, trustee in the deed of trust, said suit being cause No. 29,277 in the 116th District Court, Dallas County, Texas.

On September 5, 1957 appellees filed a forcible detainer suit in Justice Court, Dallas County, for possession of the property. The defendants named were American Spiritualist Association, a corporation, and

J. Von Brown. The premises at the time were in peaceable possession of appellant and were being used by appellant as a parsonage for a church of which it is alleged that J. Von Brown is the pastor. Brown resides on the premises. He is also the president of American Spiritualist Association, a corporation. Appellees' petition in the forcible detainer suit alleged the sale of the property to appellant on September 16, 1955, appellant's entry into possession, the subsequent default in payment, the purchase back of the property by appellees at the trustee's sale on August 6, 1957 and appellant's refusal thereafter to relinquish possession to appellees.

Appellant did not answer in the detainer suit. An amicus curiae pleading was filed by Cecil L. Woodgate. In this pleading the amicus curiae suggested that proper service of citation had not been had on defendants. Amicus curiae also suggested to the Justice Court that appellant on August 14, 1957 had filed cause No. 29,277 in the 116th District Court involving title to the property and that said suit was still pending—of which facts appellees were well aware, having been served with citation in said District Court suit prior to the time they filed their forcible detainer suit in Justice Court.

On September 12, 1957 the Justice Court rendered judgment by default in favor of appellees in the forcible detainer suit. The judgment recites that "American Spiritualist Assn. a corp. and J. Von Brown was convicted of *unlawfully and forcibly detaining* from above named plaintiffs a certain lot or tract of land * * *." (Emphasis ours.) On September 16, 1957 a writ of restitution was issued out of the Justice Court and on August 17, 1957 said writ of restitution was executed by the constable by removing from the premises in question all property belonging to American Spiritualist Association and J. Von Brown. Appellees then placed new locks on all doors. However next day, September 18, 1957, all of said property was moved back onto the premises and American Spiritualist Association and J. Von Brown have

continued to occupy the premises since that time. Neither appellant American Spiritualist Association nor J. Von Brown appealed from the judgment in the Justice Court in the forcible detainer case.

On September 24, 1957 appellees filed the present injunction suit in the District Court, in which suit only American Spiritualist Association was named as a defendant. Appellees asked for both temporary and permanent injunctions requiring appellant to vacate the premises and restraining appellant from going upon or coming about the premises. On the same day without notice to appellant the District Court issued a restraining order as above prayed for by appellees. On October 1, 1957 after hearing evidence, the court entered its order overruling appellant's motion to dissolve the restraining order, and entered its order granting to appellees the temporary mandatory and prohibitory injunction described in the first paragraph of this opinion. Appellant American Spiritualist Association has duly perfected its appeal.

## Opinion

Appellant rests its appeal on two alleged points of error: (1) There was no valid judgment in the Justice Court upon which to predicate the temporary injunction; and (2) the District Court had no jurisdiction to enter any order except an order of dismissal for lack of jurisdiction.

■ There can be no doubt that the District Court predicated its temporary injunction on the judgment of the Justice Court dated September 16, 1957 in which the Justice Court found that appellees were entitled to possession of the premises because of appellant's act in "unlawfully and forcibly detaining" the property. The District Court's order contains this recital: " * * * the court finds that a forcible entry and detainer suit was filed in the Justice Court of Dallas County, Texas, Precinct No. One * * * by Lou Ravkind, Dave Ravkind and Max Blasser against American Spiritualist Assn., a cor-

poration and J. Von Brown, said forcible entry and detainer suit being numbered 21,562; * * *. The court further finds that as a result of said judgment entered in said cause No. 21,562, the right to possession of the premises known as 2606 South Blvd. in the City and County of Dallas, Texas, has been duly and properly adjudicated in that the right to possession has been adjudicated to be in Lou Ravkind, Dave Ravkind and Max Blasser, and that the said American Spiritualist Assn., a corporation, its agents, servants and employees, have no such right to possession * * *. * * * the said American Spiritualist Assn., a corporation, its agents, servants and employees, are hereby ordered to immediately remove from the premises known as 2606 South Blvd., in the City and County of Dallas, Texas, themselves and all of their personal property * * *." Therefore we must decide whether the Justice Court judgment furnished any legal basis for the District Court's order of injunction.

■ In our opinion the Justice Court judgment was fatally defective because of a lack of proper service of citation. The original citation handed to the constable was accompanied by only one copy. The constable, endeavoring to comply with Rule 742 Texas Rules of Civil Procedure, left the one copy of the citation with a person over sixteen years of age who was on the premises at 2606 South Boulevard—he could leave only the one copy. But there were two defendants named in the citation, American Spiritualist Association, a corporation, and J. Von Brown individually. It was necessary to serve a copy of the citation on each defendant. Anderson v. Brown, 16 Tex. 554; 33 Tex.Jur. 840.

Under the circumstances, which of the defendants, if either of them, was served with citation? The premises in controversy were the "usual place of abode" of J. Von Brown, so it might be said that the service of process complied with Rule 742 T.R.C.P. as to him. But Brown was not a party defendant in the injunction suit filed in the District Court, from whose judgment this appeal is taken.

The only defendant sued in the District Court suit, and the only defendant named in the injunction, is American Spiritualist Association, a corporation. And according to the uncontradicted evidence the principal office and domicile of American Spiritualist Association, a corporation is not located at 2606 South Boulevard, the premises in controversy, but at 3404 Myrtle Street, in the City of Dallas. In our opinion the judgment of the Justice Court in the suit for unlawful detainer was fatally defective as to defendant American Spiritualist Association, a corporation, for lack of service of citation.

■ If we be mistaken as to the above conclusion, we must nevertheless hold for another reason that the Justice Court's judgment was void for lack of jurisdiction. Art. 2387 Vernon's Ann.Civ.St. expressly provides as follows: "Justice courts have no jurisdiction of * * * suits for the trial of title to land." The suit filed by appellees in Justice Court, as we shall now point out, necessarily involved a trial of the title to the land in controversy; consequently we must hold that the Justice Court did not have jurisdiction to try the case, or to render the judgment on which appellees rely for their right of possession.

■ There is a material difference in an action for forcible entry and detainer and an action for forcible detainer. In the former it is not necessary that there should be a relationship of landlord and tenant. In the latter action it is necessary that there should be the relationship of landlord and tenant. Johnson v. Hampton, Tex.Civ.App., 266 S.W. 561; 19 Tex.Jur. 768.

■ In the case now before us the Justice Court suit was one of forcible detainer only. Both the petition and the

judgment plainly show that forcible detainer was the nature of the action. The facts in the case of Francis v. Holmes, 54 Tex.Civ.App. 608, 118 S.W. 881, are similar to the facts here. Appellees' own pleadings assert that appellant in our case, under a contract to purchase, went into possession of the property with the knowledge and consent of appellees. When appellees filed suit in the Justice Court on September 5, 1957 appellant was still in possession—a possession which it had not obtained by a forcible entry. Under appellees' own pleadings and the undisputed testimony appellant had refused to move from the premises following the trustee's sale and was still in possession. On the other hand possession of appellees, if they can be said to have had any possession at all on September 5, 1957, was merely a constructive possession based on the trustee's deed of August 6, 1957. Constructive possession will not support an action of forcible detainer, for it necessarily involves an inquiry as to title. Gulledge v. White, 73 Tex. 498, 11 S.W. 527; 19 Tex. Jur. 771. It has been held that a right of possession under a sheriff's deed cannot be determined without an inquiry into the merits of title, and such an inquiry and such an action cannot be allowed in a Justice Court action. Benevides v. Lucio, Tex.Com.App., 13 S.W.2d 71. We think the same rule is applicable in the case of one claiming possession under a trustee's deed.

■ Since the District Court's injunction order was by its own terms based on the judgment of the Justice Court, which judgment was void, it follows that the injunction cannot be allowed to stand. In our opinion the order of the trial court should be reversed and appellees' suit should be dismissed. Francis v. Holmes, 54 Tex.Civ.App. 608, 118 S.W. 881; Johnson v. Hampton, Tex.Civ.App., 266 S.W. 561.

Appellant's points on appeal are sustained.

The order of the District Court granting appellees a temporary mandatory and prohibitory injunction is reversed, and appellees' cause is dismissed.

Appellees have filed a motion to hold American Spiritualist Association, a corporation, and J. Von Brown in contempt of court for failure to obey the trial court's injunction. As we have held that the injunction was based on a void judgment, we think it is proper to overrule the motion for contempt. The motion is overruled.

On Rehearing

■ In our original opinion we stated that in the Justice Court suit an amicus curiae pleading was filed by Cecil Woodgate. The record shows that after the suit was filed J. Von Brown communicated with Woodgate, who is an attorney. It was in response to this call that Woodgate filed the amicus curiae pleading. His doing so constituted an appearance on the part of J. Von Brown, and cured any defect in the service on Brown, if there was any, in the Justice Court suit. Burger v. Burger, Tex., 298 S.W.2d 119.

In other particulars we believe our conclusions in our original opinion were correct.

The motion for rehearing is overruled.

On Second Motion for Rehearing

■ The amicus curiae pleading filed in the Justice Court proceeding by its terms included both J. Von Brown and American Spiritualist Association. We therefore hold that the filing of the amicus curiae pleading constituted an appearance in the Justice Court proceeding of both J. Von Brown and American Spiritualist Association.

In other respects the second motion for rehearing is overruled.