464 P.2d 617

**PHOENIX–SUNFLOWER INDUSTRIES, INC., an Arizona corporation, Petitioner,**

v.

**The Honorable Ed W. HUGHES, Judge of the Superior Court of the State of Arizona, In and for the County of Maricopa; Wilson D. Palmer, Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa; John Mummert, Sheriff of Maricopa County, State of Arizona; and the Greater Denver-Phoenix Mining Co., Inc., an Arizona corporation, Real-Party In Interest, Respondents.**

No. 9648.

Supreme Court of Arizona.

In Banc.

Jan. 30, 1970.

Leibsohn & Goldstein, by Philip T. Goldstein, Phoenix, for petitioner.

Cavness, DeRose, Senner & Foster, by John W. Rood, Phoenix, for respondents.

STRUCKMEYER, Vice Chief Justice.

This is an original application for an extraordinary writ pursuant to Rule 1, Rules of the Supreme Court, 17 A.R.S. We ordered that certiorari issue to test the jurisdiction of the Superior Court of Maricopa County to enter a judgment decreeing petitioner guilty of forcible detainer.

The controversy concerns the right to possession of fifty unpatented lode mining claims. Respondent, Greater Denver-Phoenix Mining Co., Inc., an Arizona corporation, was the assignee of a lease covering the mining claims which permitted the excavation of ores and the removal of concentrates. It sold and assigned its interest as lessee to the Appalachian Coal and Timber, Inc., a corporation, which in turn sold and assigned to petitioner, Phoenix-Sunflower Industries, Inc., an Arizona corporation. Greater Denver-Phoenix Mining Co., Inc. asserted that Phoenix-Sunflower Industries, Inc. did not comply with the terms of payment either as provided in the original assignment of lease or a supplemental agreement, and brought an action in forcible detainer in the Superior Court of Maricopa County seeking a writ of restitution. This action seeks to test the correctness of the Superior Court's judgment in ordering restitution.

Greater Denver-Phoenix Mining Co., Inc. asserted in the court below its right to possession by reason of the following language contained in its agreement with Appalachian Coal and Timber, Inc.:

"It is expressly agreed and understood that the failure of A.C.&T. to perform in accordance herewith, within thirty days following the receipt of written notification from Denver-Phoenix of such failure shall terminate this agreement in its entirety, and Denver-Phoenix shall immediately thereupon have the unilateral authority to order the escrow closed and the lease and purchase option agreement shall thereby revert to Denver-Phoenix."

The principal argument advanced by Phoenix-Sunflower Industries, Inc. is that the Superior Court did not have jurisdiction to enter judgment of restitution because a forcible detainer action does not arise out of a vendor-vendee relationship. A similar argument was advanced in Olds Bros. Lumber Co. v. Rushing, 64 Ariz. 199, 167 P.2d 394. There we said:

"This leads us to a consideration of the nature of an action of forcible entry or detainer. Such actions are statutory proceedings, the only means of trying

the right to the possession of property at common law being the common law action of ejectment. The common law action of ejectment is now codified in this and most states of this country, and in such an action the Court may determine the question of which party has the paramount legal title to the premises for the purpose of determining who has the right to possession. (Citation omitted.)

Such, however, is not the case in a forcible entry and detainer action, for the object of such an action is to afford a summary, speedy and adequate remedy for obtaining possession of the premises withheld by a tenant in violation of the covenants of his tenancy or lease, or otherwise withheld within the meaning of the statute defining forcible entry and detainer. Indeed, the statutes of this state make that very plain and indicate quite clearly that the right to actual possession is the only issue to be determined in such an action. * * * " 64 Ariz. 199, 203, 204, 167 P.2d 394, 397.

By statute A.R.S. § 12–1171, a person is guilty of forcible detainer if he:

"3. Wilfully and without force holds over any lands, tenements or other real property after termination of the time for which such lands, tenements or other real property were *let* to him or to the person under whom he claims, after demand made in writing for the possession thereof by the person entitled to such possession." (Emphasis supplied.)

And by A.R.S. § 12–1173, subsec. A, par. 1:

"A. There is a forcible detainer if:

1. A tenant at will or by sufferance, after termination of his tenancy or after written demand of possession by his landlord, or a tenant from month to month or a lesser period whose rent is due and unpaid, fails or refuses for five days after demand in writing to surrender and give possession to his landlord."

■ Both statutes obviously comprehend a landlord-tenant relationship and would therefore seem to exclude an action against a defendant who acquired possession from a plaintiff by reason of a contract of purchase, out of which grows a vendor-vendee relationship.

Prior to Olds Bros. Lumber Co. v. Rushing, supra, we said, in Moore v. Blackstone, 20 Ariz. 328, 180 P. 526:

"There can be no doubt of the proposition that the action of unlawful detainer lies under the provisions of our statute only when the premises are demised or let to the defendant or some person under whom he claims." 20 Ariz. at 329, 180 P. at 527.

■ The quoted Arizona statutes were adopted from the State of Texas where the question presented here was decided adversely to respondent. Decisions from the state of adoption are, of course, persuasive on this court. In Francis v. Holmes, 54 Tex.Civ.App. 608, 118 S.W. 881 (1909) the Court of Civil Appeals of Texas in construing their forcible detainer statutes under a vendor-vendee relationship held:

"All those provisions contemplate the existence of the relation of landlord and tenant as a basis for the action of forcible detainer." 118 S.W. at 883.

In Dent v. Pines, Tex.Civ.App., 394 S.W. 2d 266 at 268 (1965), it was held:

"A forcible detainer action is dependent on proof of a landlord-tenant relationship. * * * In the absence of evidence of a tenancy agreement the action of forcible detainer will not lie. American Spiritualist Ass'n v. Ravkind, Tex.Civ.App., 313 S.W.2d 121, error ref., n. r. e.; Criswell v. Southwestern Fidelity Life Ins. Co., Tex.Civ.App., 373 S.W.2d 893."

In 25 Tex.Jur.2d, 476, the principle is summarized:

"With reference to forcible detainer, the statutory provisions contemplate the existence of the relation of landlord and

tenant. Unless this relationship is disclosed, a party is not entitled to the remedy. *Thus, the proceedings may not be resorted to where the case is simply one of vendor and purchaser, the purchaser failing to perform his contract.*" (Emphasis added.)

It is, however, the position of Greater Denver-Phoenix Mining Co. that when Phoenix-Sunflower Industries, Inc., failed to perform in accordance with the lease, the property reverted and Phoenix-Sunflower became a tenant at sufferance subject to A.R.S. § 12–1173, subsec. A, par. 1 supra. Greater Denver-Phoenix does not give any effect to A.R.S. § 12–1177, subsec. A, reading:

"On the trial of an action of forcible entry or forcible detainer, the only issue shall be the right of actual possession and the merits of title shall not be inquired into."

Section 12–1177, subsec. A is a rescript of the almost universal rule in the United States. Walkeng Mining Co. v. Covey, 88 Ariz. 80, 352 P.2d 768; Olds Bros. Lumber Co. v. Rushing, 64 Ariz. 199, 167 P.2d 394, supra; and 115 A.L.R. 504 et seq.

It is true, as Greater Denver-Phoenix Mining Co. points out, that, where title is merely incidental to the question of the right of possession, proof of title is admissible in a forcible detainer action. Taylor v. Stanford, 100 Ariz. 346, 414 P.2d 727; Merrifield v. Merrifield, 95 Ariz. 152, 388 P.2d 153. But here the proof of title goes far beyond that of being a mere incident to the question of the right of possession. The trial court had to determine whether there had been a forfeiture under the condition subsequent set forth in the lease and, consequently, a reversion of the title. In doing so it had to determine whether Phoenix-Sunflower Industries, Inc. did, in fact, fail to perform in accordance with the lease, whether, in fact, such failure was followed by a proper written notification of termination, and whether Phoenix-Sunflower Industries, Inc. had any possible legal or equitable defenses which would defeat the forfeiture. We think such an inquiry is one into the merits of the title and that, consequently, it cannot be said that the title to the land was only indirectly or incidentally involved.

While Greater Denver-Phoenix points to certain of our decisions, see e. g. Hixon v. Davis, 46 Ariz. 543, 52 P.2d 1166, as authorities for the proposition that forcible detainer may be maintained by a vendor against his vendee, any of our former statements or inferences therefrom suggesting such a conclusion are specifically overruled.

We hold that the court below acted in excess of its jurisdiction in entering judgment in favor of the respondent, Greater Denver-Phoenix Mining Co. Our determination is, however, without prejudice to any other rights which Greater Denver-Phoenix Mining Co. may have to reacquire possession to the mining claims. Fenter v. Homestead Development & Trust Co., 3 Ariz.App. 248, 413 P.2d 579.

The judgment of the court below is ordered set aside.

LOCKWOOD, C. J., and UDALL, McFARLAND and HAYS, JJ., concur.