COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-032-CV
 
 
RANDOLPH 
BROWN                                                              APPELLANT
 
V.
 
KULA-AMOS, 
INC.                                                                    APPELLEE
 
 
------------
 
FROM 
COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
 
        Following 
a bench trial, the trial court entered judgment for Apellee Kula-Amos, Inc. 
(“Kula-Amos”) in its forcible detainer suit against Appellant Randolph Brown 
(“Brown”). The judgment awards Kula-Amos $3,126.39 in damages and possession 
of certain property that is the subject of a contract for deed between Kula-Amos 
and Brown. In five issues, Brown complains that the county court at law lacked 
jurisdiction over the suit, that Kula-Amos presented no evidence of ownership to 
demonstrate a superior right to immediate possession, that the notice of 
noncompliance provided to Brown failed to describe the period of the alleged 
deficiency, and that Kula-Amos did not allow Brown the statutorily prescribed 
amount of time to cure the default. We will affirm.
II. Factual and 
Procedural Background
        Brown 
and Kula-Amos entered into a contract for deed on September 4, 2000. Brown 
agreed to purchase and Kula-Amos agreed to sell the property located at 5607 
Fireside Drive in Arlington. The contract for deed contains numerous standard 
terms as well as sections outlining Brown’s obligations, Kula-Amos’s rights, 
and other general provisions. The deed further provides that Kula-Amos will 
convey the property to Brown once Brown “has paid the entire Deferred 
Principal Amount, earned interest, and any other indebtedness owed under th[e] 
contract.” Kula-Amos sent Brown a notice of noncompliance with the terms of 
the contract on August 18, 2003. The notice indicated that Brown failed to make 
payments for the period from July 1, 2003 to July 31, 2003 and that Kula-Amos 
intended to enforce the remedy of forfeiture and acceleration if payment was not 
made by September 2, 2003. Brown responded to the letter and stated that he paid 
the amounts due under the contract for June and July 2003, but that he had not 
yet paid the balance due for August 2003. Brown further indicated that the 
amount due should be adjusted to reflect a new insurance policy that took effect 
August 1, 2003. Pete Still, the principal owner of Kula-Amos, acknowledged 
Brown’s letter and provided him with a breakdown of the monthly payment.
        Kula-Amos 
sent Brown a September 3, 2003 notice to vacate the premises. On September 12, 
2003, Kula-Amos sued Brown and all occupants of the property located at 5607 
Fireside Drive in justice court. The complaint provided that Brown failed to 
make a payment of $1359.26 due on August 1, 2003 and that on September 3, 2003 
Kula-Amos had given Brown notice to vacate and demand for possession. Brown 
answered and submitted a plea to the jurisdiction, arguing that a “claim for 
unpaid rent or other damages is not part of an FED case” and that an “FED 
suit cannot be used to determine title to real property.” Attached to 
Brown’s answer was a contract for deed dated August 1, 2003 indicating that 
Brown agreed to sell and Mary Smith agreed to purchase the property located at 
5607 Fireside Drive in Arlington. On October 2, 2003, the justice court entered 
a judgment for Kula-Amos, ordering that it recover possession of the property 
from Brown.
        Brown 
appealed the justice court judgment to the county court at law for a trial de 
novo. Once again, Brown answered and averred that the county court did not have 
jurisdiction to consider the case because an “FED suit cannot be used to 
determine title to real property.” After Jennifer Bowers, the vice president 
and property manager of Kula-Amos, and Brown testified, the county court 
requested that the parties provide it with a brief concerning the adequacy of 
the notice provided to Brown in the August 18, 2003 notice of noncompliance. The 
parties complied, and the county court subsequently signed a judgment on 
November 21, 2003 ordering that Kula-Amos have and recover possession of the 
property located at 5607 Fireside.  This appeal followed.[2]
III. County 
Court At Law Jurisdiction
        In 
his first issue, Brown argues that the county court did not have jurisdiction to 
consider Kula-Amos’s forcible detainer suit because the justice court did not 
initially have jurisdiction. Brown contends that the contract for deed executed 
by Brown and Mary Smith on August 1, 2003 caused the justice court to be 
“faced with a situation where there was an ownership interest in the property 
held by a person who was not a party to the proceeding.” This, Brown reasons, 
“required the determination of title.” Brown further maintains that 
Kula-Amos “could not appear in the Justice Court without an attorney” 
because “the filing of an eviction suit in the justice court is not a 
ministerial act, but rather, an act that was a nullity.”
        A. Jurisdiction
        Jurisdiction 
over a forcible detainer suit is given to a justice court in the precinct where 
the property is located.  See Tex. 
R. Civ. P. 749; Tex. Prop. Code 
Ann. § 24.004 (Vernon 2000); Aguilar v. Weber, 72 S.W.3d 729, 731 
(Tex. App.—Waco 2002, no pet.).  Either party may then appeal the justice 
court’s judgment to the county court for a trial de novo.  Aguilar, 
72 S.W.3d at 731; Cattin v. Highpoint Village Apartments, 26 S.W.3d 737, 
739 (Tex. App.—Fort Worth 2000, pet. dism’d w.o.j.).  The appellate 
jurisdiction of a statutory county court is confined to the jurisdictional 
limits of the justice court, and the county court does not have appellate 
jurisdiction if the justice court did not initially have jurisdiction.  See 
Ward v. Malone, 115 S.W.3d 267, 269 (Tex. App—Corpus Christi 2003, pet. 
denied); Aguilar, 72 S.W.3d at 731.
        A 
forcible detainer action is the procedure by which the right to immediate 
possession of real property is determined.  See Cattin, 26 S.W.3d at 
738-39.  It is a special proceeding governed by particular statutes and 
rules found in sections 24.001 to 24.011 of the Texas Property Code and Texas 
Rules of Civil Procedure 738 to 755.  See id.  Forcible 
detainer actions are intended to be a summary, speedy, and inexpensive remedy 
for resolving the question of who is entitled to immediate possession of real 
property.  See id.; see also Ward, 115 S.W.3d at 
270.  Thus, Rule 746 provides that “the only issue shall be as to the 
right to actual possession; and the merits of the title shall not be 
adjudicated.” Tex. R. Civ. P. 746; Rice v. Pinney, 
51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).  Accordingly, 
neither a justice court nor a county court has jurisdiction to determine the 
issues of title to real property in a forcible detainer suit.  See Tex. R. Civ. P. 746; Ward, 115 
S.W.3d at 270.  However, justice courts may adjudicate possession when 
issues related to the title of real property are tangentially or collaterally 
related to possession.  Gibson v. Dynegy Misdstream Servs., L.P., 
138 S.W.3d 518, 522 (Tex. App.—Fort Worth 2004, no pet.).
        A 
forcible detainer action based on a contract for deed is dependent on proof of a 
landlord-tenant relationship.  See Ward, 115 S.W.3d at 270-71; Aguilar, 
72 S.W.3d at 733-35; Am. Spiritualist Ass’n v. Ravkind, 313 S.W.2d 121, 
124-25 (Tex. Civ. App.—Dallas 1958, writ ref’d n.r.e.).  Generally, a 
justice court or county court is not required to determine questions of title 
when considering a forcible detainer suit if the contract provides for a 
landlord-tenant relationship upon default, if the contract provides that the 
buyer becomes a tenant-at-sufferance in the event of default, or if the contract 
provides that the buyer is subject to a forcible detainer suit upon 
default.  See Ward, 115 S.W.3d at 270-71; Aguilar, 72 S.W.3d 
at 735; Rice, 51 S.W.3d at 711, 713 n.4; see also Martinez v. 
Daccarett, 865 S.W.2d 161, 164 (Tex. App.—Corpus Christi 1993, no pet.) 
(holding justice and county courts had jurisdiction to hear forcible detainer 
suit); Home Sav. Ass’n v. Ramirez, 600 S.W.2d 911, 912-13 (Tex. Civ. 
App.—Corpus Christi 1980, writ ref’d n.r.e.) (holding appellant, as grantee 
in trustee’s deed, entitled to possession); Haith v. Drake, 596 S.W.2d 
194, 197 (Tex. Civ. App—Houston [1st Dist.] 1980, writ ref’d n.r.e.) 
(reasoning justice court had jurisdiction to consider forcible detainer 
suit).  Title is a non-issue because the existence of such language in the 
contract “provides a basis for determining the right to immediate possession 
without resolving the ultimate issue of title to the property.”  See 
Dormady v. Dinero Land & Cattle Co., L.C., 61 S.W.3d 555, 559 (Tex. 
App.—San Antonio 2001, pet. dism’d w.o.j.).
        In 
the instant case, section one of the “General Provisions” in the contract 
for deed between Brown and Kula-Amos states,
  
As long as Buyer promptly performs all obligations in this contract, Buyer has 
the right to possession of the Property. If this contract is canceled because of 
Buyer’s default, Buyer will immediately surrender possession of the Property 
to Seller.  If Buyer fails to do so, Buyer will become a tenant at 
sufferance of Seller, subject to an action for forcible detainer. [Emphasis 
added.]
  
Thus, 
the contract for deed expressly provides that Brown will become a 
tenant-at-sufferance subject to an action for forcible detainer in the event of 
default.  This language establishes the essential relationship between 
Kula-Amos and Brown that is necessary to maintain a forcible detainer suit and 
avoid the question of title. See Ward, 115 S.W.3d at 270-71; Aguilar, 
72 S.W.3d at 735; see also Tex. 
Prop. Code Ann. § 24.002(a)(2) (Vernon 2000) (stating that a person who 
refuses to surrender possession of real property on demand commits a forcible 
detainer if the person is a tenant at will or by sufferance).  Therefore, 
the justice court and county court could determine the issue of immediate 
possession without making an inquiry into title.  See Ward, 115 
S.W.3d at 271; Rice, 51 S.W.3d at 711.
        Moreover, 
Brown’s subsequent contract for deed with Mary Smith would not have caused the 
justice court or county court to make an inquiry into title.  This is so 
because while the buyer under a contract for deed is normally entitled to 
possession upon the making of a down payment, the seller retains legal title to 
the property and delivers it to the buyer only upon the buyer’s full payment 
of the purchase price. See Gibson v. Bostick Roofing and Sheet Metal Co., 
148 S.W.3d 482, 491 (Tex. App.—El Paso 2004, no pet.).  There is no 
question that Kula-Amos retained title to the property at 5607 Fireside Drive 
when it executed the contract for deed with Brown, and title was never 
transferred over to Brown.  Consequently, the subsequent contract for deed 
between Brown and Mary Smith had no effect on the status of the property’s 
title.  If anything, it merely raised an issue concerning possession, 
which, consequently, the justice and county courts resolved.
        B. Non Lawyer Representation at Justice Court
        Brown 
further argues in his first point that Kula-Amos could not appear in the justice 
court without an attorney.  Brown reasons that Kula-Amos’s suit “was a 
nullity” and that “[a]ny act taken by a person who is not an attorney and 
which act constitutes an unauthorized practice of law is void and of no 
effect.”  Brown further cites Rule 7 of the Texas Rules of Civil 
Procedure as support for his argument that Kula-Amos must have been represented 
by an attorney at the justice court.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling, if they are not apparent from the context of the 
request, objection, or motion. Tex. R. App. P. 33.1(a); see also 
Tex. R. Evid. 103(a)(1).  If 
a party fails to do this, error is not preserved, and the complaint is 
waived.  Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on 
reh’g).  The objecting party must get a ruling from the trial court; this 
ruling can be either express or implied.  Frazier v. Yu, 987 S.W.2d 
607, 610 (Tex. App.—Fort Worth 1999, pet. denied).  If the trial judge 
refuses to rule, an objection to the refusal to rule is sufficient to preserve 
error. 
Tex. R. App. P. 33.1(a)(2).
        Having 
determined above that the justice court and county court had jurisdiction to 
consider Kula-Amos’s suit, we cannot agree with Brown that Kula-Amos’s suit 
“was a nullity.”  Moreover, Brown’s challenge to the authority of 
Jennifer Bowers to act as Kula-Amos’s agent in the justice court is an 
argument that was not raised in the trial court.  Our review of the county 
court reporter’s record and clerk’s record shows that at no time did Brown 
challenge Bowers’s authority to act as Kula-Amos’s agent.  Accordingly, 
because he raises this complaint for the first time on appeal, Brown waived 
appellate review of this argument by not preserving error.  See Tex. R. App. P. 33.1(a); Tex. Prop. Code Ann. § 24.011[3]; see also Tex. 
R. Civ. P. 747(a) (“In forcible entry and detainer cases for 
non-payment of rent or holding over beyond the rental term, the parties may 
represent themselves or be represented by their authorized agents in justice 
court.”); Op. Tex. Att’y Gen. No. JM-451 (1986) (stating agent’s authority 
under property code is presumed and any challenge to agent’s authority by 
another party must be raised in justice court and not for the first time on 
appeal.).  We overrule Brown’s first issue.
IV. Evidence of 
Ownership/Right to Possession
        In 
his second issue, Brown argues that Kula-Amos presented no evidence of ownership 
to demonstrate a superior right to immediate possession. Brown contends that the 
only evidence regarding ownership demonstrated that Pete Still was the principal 
owner of Kula-Amos, and “[w]hether or not Mr. Still is an owner of the 
Plaintiff does not prove that the Plaintiff owned the property.”
        To 
prevail in a forcible detainer action, a plaintiff is not required to prove 
title but is only required to show sufficient evidence of ownership to 
demonstrate a superior right to immediate possession.  See Ward, 115 
S.W.3d at 270; Goggins v. Leo, 849 S.W.2d 373, 377 (Tex. App.—Houston 
[14th Dist.] 1993, no writ).
        Here, 
the county court admitted the contract for deed between Kula-Amos and Brown into 
evidence.  The contract is dated September 4, 2000 and provides that 
Kula-Amos is the “Seller” and that Brown is the “Buyer.”  The 
contract lists the property as “5607 Fireside Drive, Arlington, TX 76016" 
and provides terms for payment, interest, and insurance. The contract further 
provides,
   
On this date the Property is encumbered by a lien or liens in favor of Kula-Amos 
& bank, securing a note in the original principal sum of $97,900. Seller 
agrees to pay the note as due and to obtain a release of the Property from the 
lien before conveying the Property to Buyer, unless Buyer is to assume such 
indebtedness pursuant to this contract.

The 
contract also states, “When Buyer has paid the entire Deferred Principal 
Amount, earned interest, and any other indebtedness owed under this contract, 
Seller will convey the Property to Buyer by warranty deed . . . .”  
Moreover, Kula-Amos sent Brown a notice of noncompliance with the terms of the 
contract dated August 18, 2003, and Brown acknowledged that he had not paid rent 
in a subsequent letter to Kula-Amos.  The contract clearly and 
unambiguously positioned Kula-Amos as the “Seller” and Brown as the 
“Buyer,” and the contract further provided that Kula-Amos would retain title 
to the property until Brown satisfied all conditions—monetary or 
otherwise.  Thus, the evidence before the county court established a 
contractual relationship between both parties that was initiated through the 
execution of a contract for deed.  We hold that Kula-Amos presented 
sufficient evidence of ownership of 5607 Fireside Drive, Arlington, TX 76016 to 
demonstrate a superior right to immediate possession in relation to Brown. See 
Ward, 115 S.W.3d at 270; Goggins, 849 S.W.2d at 377.  We 
overrule Brown’s second issue.
V. Alleged 
Property Code Violations
        In 
Brown’s third, fourth, and fifth issues, he argues that the county court erred 
by entering judgment for Kula-Amos because Kula-Amos failed to comply with 
multiple sections of the property code.  Specifically, Brown reasons that 
he was not given the proper amount of time to cure his default as provided by 
sections 5.064 and 5.065 of the property code and that the notice of 
noncompliance provided to Brown failed to describe the period of the alleged 
deficiency as mandated by section 5.063(b)(2)(C) of the property code.
        Subchapter 
D of Chapter Five of the property code is titled “Executory Contract for 
Conveyance.” Section 5.062(a) of the property code provides that “[t]his 
subchapter applies only to a transaction involving an executory contract for 
conveyance of real property used or to be used as the purchaser’s residence.” 
See Tex. Prop. Code Ann. § 
5.062(a) (Vernon 2004) (emphasis added).  Thus, section 5.063 
(“Notice”), section 5.064 (“Seller’s Remedies on Default”), and 
section 5.065 (“Right to Cure Default”) are inapplicable if the buyer was 
not using the real property as his residence at the time of the suit or planned 
to use the real property as his residence at some point in the future.[4]
        A 
“residence” has been defined as the place where one actually lives or has 
his home. Owens Corning v. Carter, 997 S.W.2d 560, 571 (Tex. 1999).  
Furthermore, “a permanent residence in Texas requires a home and fixed place 
of habitation to which a person intends to return when away.”  Id.
        Here, 
Brown testified that he was the owner of the real property at issue and that he 
was in possession of it. The following exchange took place on direct 
examination:
   
[Brown’s attorney]: Are you the current owner of the property at 5607 Fireside 
Drive in Arlington?
 
         [Brown]: 
Yes, sir.
[Browns’ 
attorney]: You have possession and control of that property right now, sir?
 
        [Brown]: 
Yes, sir.
   
However, 
after this, Brown testified that he had moved out of the residence in mid-July 
2003. This exchange took place:
   
[Brown’s attorney]: Okay. You lived in that house [5607 Fireside Drive], sir?
 
        [Brown]: 
Yes, sir.
        [Brown’s 
attorney]: From the time you bought it in 2000?
        [Brown]: 
Yes.
        [Brown’s 
attorney]: When is it that you moved out, sir?
        [Brown]: 
Moved out July, about mid-July.
        [Brown’s 
attorney]: Of what year?
        [Brown]: 
2003.
        [Brown’s 
attorney]: 2003?
        [Brown]: 
Yes.
[Brown’s 
attorney]: Okay. Just less than a month from the filing of this suit here, sir?
 
        [Brown]: 
Yes.
        [Brown’s 
attorney]: Okay. Why is it that you moved out, sir?
[Brown]: 
My wife and I, at the time, we could not afford making the type of payments that 
we were making. We were paying 1,256, I believe, estimated amount of payments 
monthly, and then they -- the payments went up because the taxes on the house 
went up, went all the way to 1,300 and something dollars a month, and we just 
could no longer afford living there.
  
Brown 
did not testify that he intended to return to the property in question. 
Accordingly, pursuant to section 5.062, sections 5.063, 5.064, and 5.065 are 
inapplicable because 5607 Fireside Drive was not “used . . . as [Brown’s] 
residence” when Kula-Amos sued on September 12, 2003. See Tex. Prop. Code Ann. § 5.062(a); Owens 
Corning, 997 S.W.2d at 571; Dickey, 115 S.W.2d at 45-46; Teachout, 
2004 WL 794383, at *2-4. Because subchapter D is inapplicable, the trial court 
did not err by entering judgment for Kula-Amos despite the alleged noncompliance 
with the property code. We overrule Brown’s third, fourth, and fifth issues.
VI. Conclusion
        Having 
overruled all five of Brown’s issues, we affirm the trial court’s judgment.
    
SUE 
WALKER
JUSTICE
  
  
PANEL 
B:   DAUPHINOT, WALKER, and MCCOY, JJ.
 
DELIVERED: 
March 24, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Kula-Amos tendered a brief for purposes of this appeal, but because it was 
untimely despite the granting of two extensions of time, it was ordered 
stricken.
3.  
Section 24.011 states:
 
In eviction suits in justice court for nonpayment of rent or holding over beyond 
a rental term, the parties may represent themselves or be represented by their 
authorized agents, who need not be attorneys.  In any eviction suit in 
justice court, an authorized agent requesting or obtaining a default judgment 
need not be an attorney.
 
4.  
Kula-Amos and Brown executed the contract for deed on September 4, 2000.  
At the time the contract was entered into, section 5.062 was numbered as 5.091 
and contained an extra subsection that the legislature deleted in 2001.  
However, the legislature did retain the language in section 5.091 pertaining to 
usage.  Section 5.091(b) read, “This subchapter applies only to a 
transaction involving an executory contract for conveyance of real property used 
or to be used as the purchaser’s residence.”  See Act of May 27, 
1995, 74th Leg., R.S., ch. 994, § 3, sec. 5.091(b), 1995 Tex. Gen. Laws 4982, 
4984 (amended 2001) (current version at Tex. 
Prop. Code Ann. § 5.062(a) (Vernon 2004)).  Thus, the 2001 
amendments do not affect the applicability of this subsection for our purposes.
        We 
also interpret the language “used . . . as the purchaser’s residence” to 
refer only to current residences, as opposed to, or including, property 
that was previously used as the debtor’s residence.  See Dickey 
v. McComb Dev. Co., Inc., 115 S.W.3d 42, 45-46 (Tex. App.—San Antonio 
2003, no pet.) (holding sections 5.061, 5.062, and 5.063 inapplicable because 
“a trier of fact could reasonably infer from the record that the property was 
not going to be used as a residence by the Dickeys” and impliedly reasoning 
that previous residence insufficient to satisfy residence requirement); Teachout 
v. Kitchen, No. 14-03-00215-CV, 2004 WL 794383, at *2-4 (Tex. App.—Houston 
[14th Dist.] 2004, no pet.) (not designated for publication) (examining 
legislative intent with regard to language “used as the debtor’s 
residence” and holding that such language applies only to current residences).